### COLVIN *vs.* COLVIN.

Where, upon a bill filed by the husband for a divorce, a *vinculo matrimonii*, a decree dissolving the marriage contract was made, and after enrolment both parties joined in a petition to the court, requesting that the enrolment of the decree might be opened and vacated, and the decree reversed, the court granted an order according to the prayer of the petition, and dismissed the complainant's bill ; but without prejudice to the rights which third persons might have acquired under the decree.

THE complainant filed his bill in this cause to obtain a divorce.   The defendant put in her answer thereto, and a reference was made to a master to take proofs of the adultery charged in the complainant's bill.   On the coming in of the master's report the usual decree was made dissolving the marriage contract between the parties ; and prohibiting the defendant from marrying again during the life of the complainant.   After this decree had been regularly enrolled, both parties joined in a petition to the court, requesting that the enrolment of the decree might be opened and vacated ; that the decree might be reversed, and the parties restored to

April 5th.

all the rights and privileges which they had previously enjoy-ed; and that the complainants bill and all other papers filed in the cause might be taken from the files and destroyed.

THE CHANCELLOR.. The decree in this cause having been duly and regularly entered upon the admissions contained in the answer of the defendant, and upon proofs which prima facie established the facts charged in the bill, the court cannot make any order which will affect the rights of third persons, acquired under the decree, although the complainant states, on oath, that he is now satisfied the defendant was not guilty of the adultery charged in the bill. If the defendant has contracted any debts, or if either of the parties have sold or disposed of any property, where the other ought to have joined in the sale if the marriage had continued, the rights acquired by the creditor, or purchaser, must be protected. It would therefore be improper for the court to order the proceedings to be taken off the files and destroyed. But I see no valid objection to granting the other part of the prayer of the petitioners. The right to a dissolution of the marriage contract is one which, under certain circumstances, may be insisted on by the injured party, or may be waived, at his election; and public policy, so far from requiring the right to be enforced is in favor of condonation or forgiveness in all cases. In England, even in cases of adultery, the *vinculum* of the marriage is not dissolved by the sentence of the ecclesiastical court. The parties are merely separated from bed, board and marital cohabitation, until they shall be reconciled to each other; and neither is permitted to marry in the lifetime of the other. (Poynter's Marriage & Divorce, 182.) It there becomes a matter of course to alter the sentence so as to permit the parties to resume their connubial rights, upon a proper application to the court and due proof of their reconciliation, unless the marriage has been actually dissolved by act of parliament. Here the marriage is in fact dissolved; and so long as the decree remains in force, one of the parties is prohibited from marrying again even to the former husband or wife. If the parties should cohabit, without applying to the court to open the decree, all the issue of such illegal intercourse

would be illegitimate. When so many learned divines, from the almost inspired author of " The Pastor of Hermas"(a) down to the present day, had either denied or doubted the right of the innocent party to re-marry after a divorce for adultry, this court ought not to refuse to open the decree, in any case, upon sufficient evidence of forgiveness, and where no third person can be injured thereby. But more especially is it proper in this case where the complainant states on oath that since the making of the decree he has become satisfied, by proofs and facts which have come to his knowledge, that the defendant was not guilty of the crime of adultery.

An order must therefore be entered, opening the enrolment, and vacating the decree entered in this cause, and directing the complainant's bill to be dismissed; but without prejudice to the rights which any third person may have acquired under the decree. And to prevent any one who has no interest in, this question from disturbing the peace of this family, the register is directed to seal up the pleadings and proofs, together with the master's report; and not to suffer them to be copied or inspected, except by the special permission of the court.

(a) See Dr. Ireland's *Nuptia Sacra.*