## GILRUTH v. GILRUTH.

1. **Default:** DIVORCE. Section 3160 of the Revision of 1860, providing for setting aside defaults granted upon service of notice by publication only, has no application to proceedings of divorce. *Query.* Does this section apply exclusively to actions *in rem?*

<em>Appeal from Scott District Court.</em>

TUESDAY, APRIL 10.

THE case summarily is this: In August, 1863, plaintiff obtained by default, after due publication of notice, a

decree of divorce from the defendant, on the ground of willful desertion for more than two years. The defendant, in July, 1865, not having before appeared (the service being by publication only), came into court and moved to set aside the default against her in the case stated, and to retry the cause by such defense as was made by her in her answer, which denied the abandonment on her part, and all other material allegations in the petition, but admitted the marriage between them to have occurred on the 11th of June, 1861; that it was secretly entered into; that by agreement it was to be kept a secret, and that she was to return to her parents immediately, which she accordingly did on the 14th of the same month; that their separation was with his full consent and approbation; that he has since intermarried with another woman, and has, as a matter of fact, deserted her, &c. The motion prevailed, and leave granted to retry the cause, to which the plaintiff excepts and appeals therefrom.

*Davidson & True* for the appellant.

*Grant & Smith* for the appellee.

Lowe, Ch. J. — The point to be settled is, whether the court erred in setting aside the default and in granting a retrial of the cause. This was done by virtue of the supposed authority contained in section 3160 of the Revision, which provides that a defendant, served by publication only, and not appearing, against whom a judgment has been rendered, may, within two years thereafter, come into court, and move to have the action retried, &c.

1. DEFAULT: statute construed.

There is certainly much in the preceding sections, and those which immediately follow (although some of them are now repealed), tending to show that the operation of

the section in question was intended to be limited to actions *in rem.*, as contended by counsel for appellant.

We do not wish, however, as it is not necessary, to commit ourselves in favor of this construction of the section at present. Nevertheless we unite in holding that it has no application to divorce suits. And we deem it scarcely important to suggest the considerations of hardship and even cruelty (finding, as they do, a sufficient illustration in the facts of the case at bar), which would ensue from the meaning that the defendant by her counsel seeks to give to said section, and which are of so controlling a nature as effectually to negative the idea, that the legislature ever intended that it should have any such effect or operation.

It does not follow, however, that the defendant is without remedy of some kind, if in fact she has suffered injury from the wrongful acts of the plaintiff. But it is not our province to advise or even suggest what the same may be.

Reversed.