## WHETSTONE v. WHETSTONE.

1. **Judgment: FORMER ADJUDICATION: DEFENSES: FRAUD.** It may be pleaded as a defense in an action upon a domestic as well as upon a foreign judgment, that fraud was used in obtaining it.

2. —— It was accordingly *held*, where a prior decree of the district court of another county, between the same parties, was interposed as a bar in an action of divorce, that the decree might be assailed in that action, and its force as a former adjudication avoided, by showing that it was fraudulently obtained.

*Appeal from Wapello District Court.*

SATURDAY, APRIL 8.

ON the 23d day of November, 1869, the plaintiff filed in the Wapello district court a petition for divorce from the defendant, alleging that he had been guilty of various acts of such inhuman treatment as to endanger her life. The original notice was not served on the defendant until the 17th day of August, 1870.

On the 6th day of September the defendant filed his answer, in which he " states that on the 15th of February, 1870, he was divorced from the plaintiff by the decree of the district court of Guthrie county, Iowa, on the ground that petitioner had been guilty of adultery, and asks that this case be therefore dismissed, as said decree is a bar to further proceedings; states also, that said decree is certified to, and the copy attached marked exhibit "A" and made a part of the answer. The part of exhibit "A" material to the question under consideration is as follows:

" Now, on this 15th day of February, 1870, the same being the second day of the February term, 1870, of the district court in and for said county, this cause came on to be heard; and the plaintiff appearing by attorney, and the defendant not appearing, but herein wholly makes default; default therefore is entered of record against her, the said defendant." A decree follows, divorcing defendant from plaintiff. On the 9th of September, 1870, the plaintiff filed a motion and affidavit for alimony, stating: " That she and her said husband parted July 4, 1869, in consequence of said husband turning her out of the house; being then left entirely without means, she went to work for a Mr. Christy, in Casey, Adair county, Iowa, working there some weeks as a servant, when she came to Wapello county, where she has since resided with her father and

brother respectively; that defendant knew that she was in Wapello county, since the middle of September, 1869, as she saw him immediately when she returned to Wapello county, at Mr. John Betts in said county, when she wanted him to furnish her and child with a home; that appellee, before she worked for Christy, worked for Samuel Thomas about a week near Casey; that plaintiff saw the defendant at said John Betts' not more than ten days before she filed the petition in this case; that she never was served with notice of any suit whatever against her for divorce, by her said husband, pending in Guthrie county, nor elsewhere; never knew that such suit was commenced; that defendant was at work in Wapello county, Iowa, from 1st of August till the middle of December, 1869; that the charge that plaintiff committed adultery with Dennis Sullivan, or any other man, is a falsehood; that there is no truth whatever in said charge; that plaintiff is innocent of such a crime; that plaintiff is without any means and has to depend on the charity of others, and that defendant has plenty of means, and that the court order that he pay a sum sufficient to enable her to carry on her suit."

And on the same day the plaintiff filed her replication to defendant's answer, as follows: "That said judgment was procured by defendant without personal service upon her; that she has not been out of the State of Iowa for six years past; that said judgment was procured through falsehood and fraud; and she denies having committed adultery with Dennis Sullivan, or with any man, and that she was true to her marriage vows; that said charge was fraudulently made by her husband, to get the said decree; she makes her affidavit for allowance part of this replication." On the 19th day of December, 1870, the defendant filed a counter-affidavit in which he alleges that, upon the trial of the action for divorce, it was clearly proved that plaintiff was guilty of adultery with Dennis Sullivan on the 13th day of September, 1869, at the Savery house in Des

Moines; denies that he ever struck or ill-treated plaintiff; and alleges: "That the defendant did not know that plaintiff was in Iowa, when he commenced his suit for divorce; that he knew that she had worked a few weeks after she left, near Casey, Iowa, which is near where they had lived; that defendant did see plaintiff on the 23d of September, 1869, at Mr. John Betts' in Wapello county; that on the last date plaintiff told defendant that she was going to leave the State of Iowa, and that he had no idea or knowledge of her whereabouts, till defendant got his divorce from plaintiff; that when defendant commenced his action for divorce, he was informed that she had got a ticket at Casey, Iowa, for Chicago, Illinois, where it was supposed she had gone with the said Dennis Sullivan; and which defendant believed sincerely and truly when he made publication of notice for a divorce, from the best information he could get; that it was generally understood, and was the general impression in the community, that plaintiff had gone to Chicago as aforesaid; that if plaintiff was then in Wapello county, Iowa, defendant did not know it, nor did he believe she was from what she had positively stated to him; that defendant had no other idea than that plaintiff had left Iowa."

On the 24th day of September, 1870, the plaintiff's attorney, E. L. Burton, filed a professional statement, to be part of the record, as follows: "That the original notice was placed in the hands of the sheriff, Bidwell, for service within a day or two after the petition was filed; that the sheriff retained said notice, and did not serve the same at once, and in the mean time and soon after the first day of December the defendant left the county and did not return until a short time previous to the service of the present notice in this case, and when counsel learned that defendant had returned he prepared a new notice and placed it in the hands of Sheriff Swiggett, for service, Sheriff Bidwell's term of office having expired."

On the 24th of September, 1870, the defendant filed a demurrer to the plaintiff's replication, stating the following grounds:

1. "That plaintiff cannot investigate the question of fraud in this court, which is alleged to have been perpetrated to procure the decree pleaded as a bar in defendant's answer, for that this cause is a collateral proceeding."

2. "That this court will not presume that there was no jurisdiction, nor that there was fraud in the proceeding in the Guthrie county court, especially when the records of said court lead to the presumption that every thing was there regular."

3. "Plaintiff must first directly attack the decree in the Guthrie county court, and there have it set aside for fraud and want of jurisdiction."

4. "This court cannot entertain a cause upon the same question, between the same parties, which a court of general jurisdiction has determined."

The court overruled the demurrer and granted the plaintiff an allowance of $100 to assist her in carrying on the suit. The defendant appeals, and assigns the following errors, to wit:

1. "The court erred in not dismissing the plaintiff's suit, on the defendant's answer, which plead a former adjudication as a bar."

2. "The court erred in granting an allowance of $100, to assist the plaintiff to carry on her case, on the motion and affidavit for the same, notwithstanding the counter affidavit of defendant."

3. "The court erred in overruling the defendant's demurrer to plaintiff's replication, wherein it held that the question of fraud might be investigated and inquired into, which it was alleged the defendant had perpetrated in procuring his divorce in Guthrie county district court."

*Hutchison & Hackworth* for the appellant.

*Hendershott & Burton* for the appellee.

DAY, Ch. J. — I. We will consider the errors presented in the inverse order of their assignment. As a bar to the plaintiff's action of divorce, the defendant pleads a former decree of divorce obtained by him against the plaintiff. The plaintiff replies that the jurisdiction in the suit prosecuted by defendant was obtained by fraud.

This is not an attempt to impeach collaterally the Guthrie county decree. It is made the basis of the defendant's defense. He interposes it as a reason why plaintiff should not recover. The plaintiff says the decree is fraudulent, and that, therefore, she should not be precluded by it. When a foreign judgment is made the basis of an action it may be shown that it was obtained by fraud. In *Dobson* v. *Pearce*, 1 Duer, 144; S. C., 12 N. Y. 165, the same principle was applied to a domestic judgment. In *Rogers* v. *Gwinn*, 21 Iowa, 58, which was an action on a foreign judgment, to which the defense was interposed that it was obtained by fraud, DILLON, J., said : " If the judgment sued on had been rendered by a court of Iowa, the facts found by the court below would be a good defense, at least in equity, to an action upon it, or sufficient to require a court of equity, upon petition filed for that purpose, to cancel it." Here is a recognition of the doctrine that, in an action in this State, upon a domestic judgment, fraud in obtaining the judgment is a good defense. It is now the settled law, both in the federal and State courts, that in an action upon a foreign judgment, the judgment debtor may successfully defend by showing that the attorney who entered an appearance for him had no authority to do so. *Harshey* v. *Blackmarr*, 20 Iowa, 172, and cases cited. In that case, alluding to the fact that many decisions hold, that in a suit or a direct action upon a domestic judgment rendered

against a party by an unauthorized appearance by an attorney, the party cannot plead his ignorance of the suit, and the attorney's want of authority to appear for him, the court said : "It may be doubted whether the above distinction between foreign and domestic judgments is fully settled ; and if so, whether it rests on sound principles. Is not the gravamen the same in the one case as in the other, and does it not consist in the unauthorized act of the attorney ? We deem the rule properly settled as to foreign judgments. Why should it not equally apply to an action on a domestic judgment ?" But, whatever reasons there may be for the distinction in cases where the unauthorized act is that of the attorney *alone*, we apprehend no valid ones exist when the judgment is obtained by the fraudulent act of the plaintiff.

The case of *Dobson* v. *Pearce*, above referred to, was an action in a court of New York upon a judgment rendered in that State, and it was held that fraud in procuring it was a good defense to an action thereon.

That a party will be relieved from the consequences of a jurisdiction obtained by fraud or violence, see the following cases: *Wells* v. *Gurney*, 8 Barnw. & Cress. 769 ; *Lutten* v. *Benin*, 11 Mod. 50 ; *Wingate* v. *Insley*, 12 Pick. 270 ; *Barlow* v. *Hall*, 2 Anst. 461 ; *Loveridge* v. *Plastow*, 2 H. Black. 29 ; *Lyford* v. *Tyrrell*, 1 Anst. 85 ; *Ex parte Wilson*, 1 Atk. 152. More directly in point is the case of *Loyd* v. *Munsell*, 2 P. Wms. 74, cited in *The State of Michigan* v. *Phœnix Bank*, 33 N. Y. 22. In that case the plaintiff brought a bill to redeem certain property which the plaintiff claimed as having been obtained under a decree in his favor. The bill alleged that the defendant, before obtaining said decree, procured a man to make a false affidavit that the plaintiff in this action was gone beyond seas, upon which the defendant got an order from the court that a service on the then defendant's clerk in court be good service ; whereas, in

fact, the defendant was then living publicly in the next town, but on this false affidavit, and the order made thereon, the cause was heard *ex parte*, and confirmed absolutely, upon which decree the party so moving foreclosed, and the estate was obtained. The defendant (the party so obtaining this decree) set up in his defense, in his plea, this report and decree of the court, both made absolute, signed and enrolled. The lord chancellor said: "All these circumstances of fraud ought to be answered, which, so far from doing, the defendant only pleads that report and decree as a bar, which the plaintiff seeks to set aside; and the decree being signed and enrolled the plaintiff has no other remedy; and if those matters of fraud laid in the bill are true, it is most reasonable that the decree should be set aside." In that case, as in this, it was objected that the decree should be set aside by original bill. To this his lordship said: "Such a gross fraud as this was an abuse on the court, and sufficient to set any decree aside." Upon the same point see *Kennedy* v. *Daly*, 1 Sch. & Lef. 355; *Dunlap* v. *Codey*, *ante*, 260.

Now, if the facts alleged in this replication be true, what good end is to be subserved by driving the plaintiff to the district court of Guthrie county, there to proceed by petition in equity to relieve herself from the effects of a decree fraudulently obtained against her, thus delaying her in the prosecution of her own action, involving her in additional expense, and creating a multiplicity of suits? It appears from the statement of the case that the petition of plaintiff was filed, and the notice placed in the hands of the sheriff for service, long before the defendant commenced his action in Guthrie county. Suppose that the notice had actually been served, and that, notwithstanding that fact, the defendant commenced an action in Guthrie county and obtained a decree upon a false affidavit as to the non-residence of plaintiff, would that decree be so sacred and conclusive that the plaintiff must stay her proceedings until she could,

by direct proceedings in the Guthrie district court, procure it to be set aside? And, if not so conclusive in that case, why in this? The plaintiff's action was, in fact, commenced long before that of the defendant. Rev., § 2744. We are of opinion that the facts set up in the replication may be inquired into in this action, and that, if found true, the facts alleged in defendant's answer do not bar the plaintiff's action.

II. This determination, in effect, disposes of the remaining alleged errors. It follows from the foregoing views that the court did not err in refusing to dismiss the plaintiff's action. And, as the plaintiff is entitled to try the issues presented by the pleadings, it was proper for the court to grant her an allowance to aid her in the further prosecution of the cause.

, Affirmed.