BRIGGS v. BRIGGS.

**Alimony:** PENDENTE LITE. An order of the district court allowing alimony to the wife *pendente lite*, will, on appeal to the supreme court, be examined as to its merits and be modified or affirmed as shall appear equitable and proper. The allowance in the present case was reduced one-half.

*Appeal from Jasper District Court.*

SATURDAY, APRIL 26.

AT the December term, 1871, of the district court of Jasper county, M. A. Briggs procured a decree of divorce from her husband George Briggs, and an award of $15,000 alimony, payable in monthly installments of $300. On the 25th of January 1872, plaintiff filed a petition for a new trial on the ground of newly-discovered evidence and the perjury of the plaintiff in the former suit, and prayed an injunction restraining the collection of the sum awarded her as alimony.

Upon this petition the judge made an *ex parte* order grant-

ing an injunction to restrain all further proceedings in collecting the judgment except as to the $300 then due.

On the 3d of April, 1872, the defendant filed her motion to dissolve, or modify the injunction, and upon the hearing thereof the court so far modified the injunction as to permit the defendant to collect the installments due February 9th and March 10th, 1872, together amounting to $600.

From this order plaintiff appeals.

*Brown & Williams* for the appellant.

No appearance for the appellee.

DAY J. — I. In consequence of the petition for a new trial, the divorce proceeding is still pending. If the petition is sustained it will be only after another trial, attended with additional outlay and expense, that it can be definitely settled whether or not defendant is entitled to a decree of divorce.

The order of the court, dissolving, in part, the injunction, amounts simply to an allowance, to the wife, of the means of defraying the expenses of the suit. That such allowance is proper is abundantly established. Bishop on Marriage and Divorce (2d ed.), §§ 569–573.

This doctrine has recently been recognized by this court. *Whetstone* v. *Whetstone*, 31 Iowa, 276 (Q. E. 284); *Knight* v. *Knight*, 29 id. 599.

II. Of the sum awarded defendant she has collected $500. The order of the court allows her to collect $600 more. From a careful reading of the evidence the conviction forces itself upon us that this sum is too great. Defendant is from thirty-eight to forty-five years of age, in good health, so far as appears, and possesses the trades of a milliner and dressmaker. In her affidavit, in support of the motion for dissolution of the injunction, she claims that she is in need of means to procure the depositions of witnesses to abut the case made by plaintiff in his petition for new trial. For this purpose, we think $300, so far as at present appears, sufficient. If the

litigation should be conducted in such manner, during its further progress, as to render an additional sum necessary to the protection of the wife's interest, the court may, when the necessity arises, make such additional order as justice may require. With this modification the judgment is

Affirmed.