## RUSH v. RUSH.

DIVORCE: RESIDENCE: JURISDICTION.

*Appeal from Monroe District Court.*

FRIDAY, APRIL 19.

SUPPLEMENTAL OPINION.

A PETITION for rehearing having been presented in this case (see 46 Iowa, 648), in which it is contended that a decree of divorce cannot be set aside on the ground that it was fraudulently obtained, it is proper that we should say that in this case the alleged fraud consisted, among other things, in assuming a colorable residence in Monroe county, where the action for divorce was brought, and decree rendered. The language of the petition upon this point is in the following words: " Said Henry Rush never had any residence in Monroe county, in good faith, but, on the contrary, the real residence of said Henry Rush for more than twenty years now last past has always been in the county of Fayette, in this State, where the plaintiff lived with him as his wife for the greater part of said time; that said Henry Rush, a few months previous to the April Term, 1875, of this court, fraudulently assumed a colorable residence in said Monroe county, in a community where he and the plaintiff were

entirely unknown, for the express purpose of obtaining a decree of divorce without the knowledge of this petitioner, so that she might not have an opportunity to answer or defend therein." The demurrer raised the question as to the sufficiency of the foregoing statement to entitle the plaintiff to relief. In overruling the demurrer we were of the opinion that the court below did not err. Section 2220 of the Code provides that the District or Circuit Court in the county where either party resides has jurisdiction of the subject-matter of divorce. If it is true that the defendant was not a resident of Monroe county, then the court did not acquire jurisdiction, and the authorities are abundant to the effect that, where there is a lack of jurisdiction through the fraud of the plaintiff in the action for divorce, the decree may be declared void. What would be the effect of fraud on the part of plaintiff in the action if the court had acquired jurisdiction, it was not necessary for us to determine, and it is proper that the decision should be limited strictly to the question raised. With this qualification of our opinion we are satisfied that it is correct, and the petition for a rehearing is overruled.