Reynolds, J.
Our statute provides that “no defendant convicted of adultery shall marry again till the death of the complainant.”
Defendant’s counsel argues strenuously that this prohibition applies, only to a marriage with some person other than the complainant, claiming that the injured party has the right of condonation even after the judgment.
The statute makes no such exception, and the court has no right to amend the statute.
Judge Johnson says (11 N. Y. 336): “ The incapacity of an adulterer, divorced on that ground by one of our courts, to marry again in this State, during the-life of the injured party, was grounded upon the views entertained by our legislature in respect to the married relation ; they considered such a. person unfit again to assume obligations which he had once disregarded.”
*173 Whether this be the reason of the rule, or whether the disability was imposed as a punishment for the offense, the reason and the letter of the statute apply, to a re-marriage with the complainant as well as to a re-marriage with any other person.
In the case of Colvin v. Colvin (2 Paige, 385), the parties having become reconciled, and desiring to resume their marital relations after a decree of divorce, applied to the chancellor upon their joint petition, to open and vacate the decree, so that the parties might be restored to their former .rights and privileges.
Chancellor Walwoeth, thinking it a proper case to do so, opened the enrolment and vacated the decree, and directed the bill to be dismissed, without prejudice, however, to the rights which any third person might have acquired under the decree.
In granting this relief, the chancellor says: “So long as the decree remains in force, one of the parties is prohibited from marrying again, even to the former. husband or wife. If the parties should cohabit without applying to the court to open the decree, all the issue of such illegal intercourse would be illegitimate.”
The defendant’s marriage being forbidden by statute, he is guilty of a misdemeanor (People v. Hovey, 5 Barb. 117), and he cannot be permitted to, set up his own violation of law as a reason why he should not comply with the judgment of the court. He remains liable to pay the alimony, except so far as he may have already contributed to the support of the plaintiff.
The order will be settled on notice.