## RUSH v. RUSH.

1. **Divorce:** DECREE MAY BE SET ASIDE: FRAUD.   A decree of divorce may be set aside on the ground that it was obtained by fraud, notwithstanding the rights of innocent third parties may have intervened.

2. ———: DIRECTORY STATUTE: PLEADING.   The provision of the statute (Code, section 3157), requiring that a petition to set aside a decree must be verified, is directory merely, and a petition not verified confers jurisdiction upon the court, which may give the petitioner leave to amend so that the pleading shall comply with the statute.

*Appeal from Monroe District Court.*

TUESDAY, OCTOBER 16.

THIS is a proceeding to set aside a decree of divorce.   The plaintiff avers in her petition that the decree was obtained by

fraud and perjury; that notice was served by publication only, and that she had no actual knowledge of the pendency of the suit. The decree of divorce was obtained on the 21st day of April, 1875. The petition in this proceeding was filed on the 20th day of April, 1876, and was not verified by affidavit. To the petition the defendant filed a demurrer, the grounds of which may be stated to be, in substance, as follows: *First:* A decree of divorce is final, and cannot be set aside even where fraudulently obtained. *Second.* The petition not being verified by affidavit, the court acquired no jurisdiction. The court sustained the demurrer. Decree for defendant. Plaintiff appeals.

*Dashiell & Andrews* and *Rogers & Son,* for appellant.

*Perry & Townsend, Nourse & Kauffman* and *H. B. Hendershott,* for appellee.

ADAMS, J.—The petition in this proceeding was filed under section 3154 of the Code, which provides for the vacating of a judgment or order after the term at which it is made, and among the grounds set out is that of fraud practiced by the successful party in obtaining the judgment or order. It is contended by the appellee, however, that the section was not designed to provide for the vacating of a decree of divorce, because the rights and interests of society and of innocent third parties may be involved. Upon this point our attention is called to *Folsom v. Folsom,* 55 N. H., 78; *Green v. Green,* 2 Gray, 36; *Colvin v. Colvin,* 2 Paige, 385, and *Gilruth v. Gilruth,* 20 Iowa, 225. But none of these decisions are such as to justify us in concluding that a decree of divorce should be excepted from the provisions of the section above mentioned, and we do not think that the position taken by the appellee can be sustained. That a decree of divorce may be set aside on the ground that it was obtained by fraud, see *Johnson v. Coleman,* 23 Wis., 452; *Weatherbee v. Weatherbee,* 20 Wis., 499; *Crouch v. Crouch,* 30 Wis., 667; *Boyd's Appeal,* 2d Wright, Pa., 241; *Singer v. Singer,* 41 Barb., 139; *True v. True,* 6 Minn., 458; *Adams*

1 DIVORCE: decree may be set aside: fraud.

*v. Adams*, 51 N. H., 388; *Edson v. Edson*, 108 Mass., 590; *Whetstone v. Whetstone*, 31 Iowa, 276; *Whitcomb v. Whitcomb*, p. 437, *ante*. It is argued, however, that even if a decree of divorce may be set aside on the ground of fraud, it cannot be done if the rights of innocent persons are involved, and that the plaintiff's petition is insufficient, in that it does not show that they are not involved. It is not to be denied that courts have shown a manifest reluctance to set aside a decree of divorce after a second marriage has taken place. See Bishop on Marriage and Divorce, 2d Vol., Sec. 751, and authorities cited. But we have seen no case where it has been held that a decree of divorce will not be set aside except upon averment and proof that a second marriage has·not taken place. In *Colvin v. Colvin*, above cited, the decree was granted without prejudice to the intervening rights of third persons, but we think that no court has gone further than that. Besides, in a statutory proceeding, as in this case, ·instituted within a limited time, we think that the necessity .of an averment that the rights of third persons have not intervened is less apparent than in an independent action. *Whitcomb v. Whitcomb*, above cited.

. As to the other ground of demurrer, that the court did not take jurisdiction in the proceeding by reason of the fact that the petition was not verified by affidavit, we have to say that we think that ground also not well taken. It is true the statute provides (Code, Sec. 3157), that the proceedings "shall be by petition verified by affidavit." As the proceedings instituted are not by petition *verified by affidavit*, it is claimed that the plaintiff has not ·brought herself within the provisions of the statute, and that the petition should be treated as a nullity. In support of this .view it is insisted that the language of the statute is peremp-,tory, and it is urged, by way of argument, that if a decree of divorce could be assailed by an unverified petition, it would be within the power of the guilty party to annoy and embar-.rass the innocent party. Without denying that this might happen, the evil to be apprehended cannot be regarded as a .serious one, nor greater than would arise in other cases where

*2. ———: directory statute: pleading.*

Rush v. Rush.

it is required that the petition shall be verified. The provision that if a pleading be not verified it may be stricken out on motion (Sec. 2677 of the Code), carries a clear implication that an unverified petition is not to be treated as a nullity, and we see no reason why that provision is not applicable to a petition like the one in the case at bar. If a petition which should be verified is not verified it is to be presumed that the omission was an oversight. Such would ordinarily be the fact, and the petition should, we think, be regarded as amendable. If the other party is not willing to waive the verification, he may, on motion, compel an amendment, or the petition will be stricken out. The remedy provided for the aggrieved party is simple and inexpensive. He can, therefore, have no substantial ground for complaint. If, on the other hand, the affidavit should be regarded as jurisdictional, the petition would not be amendable, and if the omission was not discovered until the year had expired, such omission would prove fatal, as is claimed by the appellee in this case. We are unwilling, therefore, to regard it as jurisdictional, in the absence of a statute so providing.

That the statute requiring that claims filed against an estate shall be sworn to is merely directory, has been held in *Goodrich v. Conrad*, 24 Iowa, 254; *Wile v. Wright*, 32 Iowa, 451; *McCrary v. Deming*, 38 Iowa, 531. Without claiming that these cases are strictly in point, they are in harmony with our views in this case and afford them some support. Taking the averments of the petition to be true, we think the plaintiff entitled to the relief she asks, and it follows that the demurrer should have been overruled.

REVERSED.