OLE N. TOLLEFSON v. VALBORG LUNDE TOLLEFSON, Appellant.

**Divorce:** FRAUD: NEW TRIAL. A court of equity has power to
1 grant a new trial in an action for divorce where the decree was procured by fraud, although the petition for new trial was not

filed within the statutory period; but the fraud authorizing a new trial under this rule must be extrinsic or collateral to the matter directly involved in the original decree.

**Same.** Where the petition for a new trial in a divorce action discloses a plan on the part of the plaintiff to bring about a separation and to secure all the property acquired by the joint efforts of the parties, the court is justified in granting the petition, though not filed within the statutory period; even though the defendant also alleges in the petition that the divorce was obtained by the false and fraudulent allegations of desertion.

*Appeal from Fayette District Court.*— Hon. L. E. Fellows, Judge.

FRIDAY, JANUARY 24, 1908.

The opinion states the case.— *Reversed* and *remanded.*

*B. L. Wick* and *W. J. Ainsworth,* for appellant.

*D. W. Clements,* for appellee.

PER CURIAM.— The plaintiff and the defendant are natives of Norway, where they were married in 1889. Soon after their marriage they came to this country and settled in Fayette county, where they lived together as husband and wife until April, 1898. In April, 1898, the defendant returned to her old home in Norway, taking with her her youngest daughter, a minor, and she has ever since remained there. In March, 1903, the plaintiff filed in the district court of Fayette county a petition asking a divorce from the defendant on the ground of desertion. The notice of such suit was by publication only, and there being no appearance by the defendant either in person or by counsel, a default was taken, and a judgment rendered thereon granting the plaintiff a divorce. In April, 1905, the defendant filed a motion in the original case, asking that the judgment and default be set aside. This motion was overruled and a short time thereafter she filed a petition in the case alleging

therein, in substance, that the plaintiff's allegation of her desertion was untrue; that she went to Norway at the instance and request of her husband, the plaintiff; and that he purchased a ticket for her and accompanied her to New York and placed her and her daughter on a steamer and sent her home with the distinct understanding that he would soon follow and join her in Norway. The defendant further alleged that she went to Norway without any intent to leave her husband permanently and only at his solicitation and on his assurance that he would join her there as soon as he could dispose of his property in Fayette county; that in November, 1900, the plaintiff wrote her asking her to execute a deed conveying some of his real estate, and in said letter again assured her that he would return to Norway and live with her as soon as he could dispose of his property; that such promise was repeated in subsequent letters, and that she did not know of his purpose to do otherwise until January, 1904, when she received a letter from the plaintiff informing her that he had obtained a divorce from her and did not wish to see her again; that the divorce obtained by the plaintiff was procured by fraud and false representations. Copies of letters from the plaintiff to the defendant, written to her in Norway, one as late as August, 1901, which tended to support the allegations of her petition, were annexed to her petition, and made a part thereof. A demurrer to the defendant's petition was sustained, and she appeals. The demurrer stated several grounds of objection to the petition, but the only ones relied upon now are, first, that the defendant's petition was not filed within one year after judgment; second, that the defendant has not shown diligence; and, third, that the petition does not allege facts entitling the defendant to the relief demanded, or facts showing fraud. Incidental to the last proposition, it is said that no extrinsic fraud is alleged.

As the petition for a new trial was not filed for more than two years after the judgment of divorce was entered,

it is evident that it could not be entertained by virtue of the provisions of section 4091 of the Code,

**1. DIVORCE: fraud: new trial.**

and, as we understand the argument of appellant's counsel, they do not claim to be within the provisons of said section. Neither can the petiton be sustained under authority of Code, section 3796, as suggested by counsel for appellant. This section provides for a new trial within two years after judgment, when the notice has been served by publication only; but we have held that it is not applicable to divorce suits. *Gilruth v. Gilruth*, 20 Iowa, 225; *Whitcomb v. Whitcomb,* 46 Iowa, 437. While section 4091 provides for a new trial by petition within one year, when the final judgment was obtained by fraud practiced in obtaining the same, we have held that the remedy under this statute is not exclusive, when the fraud is not discovered within the year, and that, in such cases, courts of equity have jurisdiction to grant new trials independently of the statute. *Graves v. Graves,* 132 Iowa, 199; *Mahoney v. State Ins. Co.,* 133 Iowa, 570; *Larson v. Williams,* 100 Iowa, 110. But the fraud which will authorize the granting of a new trial under this rule must be extrinsic or collateral to the matter directly involved in the original case. False testimony in the trial of the original action is not alone sufficient to warrant a new trial. *Graves v. Graves, supra.* Extrinsic or collateral fraud, within the meaning of this rule, may consist of acts or promises lulling the defrauded party into false security, or preventing him from making defense, and many other acts. *Pico v. Cohn,* 91 Cal. 129·(25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336, 25 Am. St. Rep. 159).

The defendant's petition to set aside the decree of divorce alleges facts, and sets out·letters alleged to have been written by the plaintiff to the defendant after she went to Norway, which, if true, and they are so admitted to be by the demurrer, show a plan on the part of the plaintiff to free himself from the defendant and to secure all of the property which had been acquired

**2. SAME.**

by their united efforts. The facts thus pleaded unquestionably show such extrinsic fraud as would justify a court of equity in setting aside the decree. They show that the plaintiff sent the defendant to their old home in Norway with the assurance on his part that he would dispose of their property as soon as possible and then join her there, and that for several years thereafter he made the same promises in letters to the defendant, and that she, relying upon such assurances, remained in Norway and had no knowledge of his purpose to secure a divorce from her until she received a letter from him bearing date December 14, 1903, which informed her that he had already secured a divorce from her, and that he did not expect or wish to see her again. While these facts were pleaded, the defendant also alleged in her petition that the divorce was obtained by the false and fraudulent representations that she had deserted the plaintiff. Based on this statement in the petition, the plaintiff asserts that the defendant is absolutely bound thereby, and cannot rely upon the extrinsic or collateral fraud shown by the facts pleaded. There is no merit in this contention, however. If the facts pleaded are sufficient to establish extrinsic fraud, a wrong conclusion of the pleader as to the force and effect thereof should not defeat a just cause in a court of conscience. We think the demurrer to the defendant's petition should have been overruled. The case is therefore reversed and remanded for proceedings not inconsistent with this opinion.— *Reversed* and *remanded*.