GEORGE BERTRAM WILLIAMSON, Appellee, v. LILLIAN W. WILLIAMSON, Appellant.

**JUDGMENT:** Opening or Vacating—Void Judgment—Divorce.
1 Lapse of time does not, of itself, bar a motion to set aside a void decree. So held in divorce proceedings.

**JUDGMENT:** Opening or Vacating—Void Judgment—Procedure.
2 The proper procedure to set aside a void judgment is by motion.

**DIVORCE:** Judgment or Decree—Nonconclusiveness of Finding on
3 Question of Residence. The granting of a decree of divorce
necessarily embraces a finding that the recipient of the decree
is a resident of the county; but such finding, when induced by
fraud and perjury, on *ex parte* hearing, on service by publica-
tion, is not conclusive.

**DIVORCE:** Jurisdiction—Nonresidence ⟨⟩ Both Parties. Jurisdic-
4 tion of proceeding for divorce is not obtained in the absence of
bona fide residence in the county, *animo manendi*, of at least
one of the parties.

*Appeal from Woodbury District Court.*—GEORGE JEPSON,
Judge.

MONDAY, FEBRUARY 19, 1917.

THE petition, filed July 16, 1913, alleged that the par-
ties were married Sept. 1, 1899, that the plaintiff deserted
defendant and left the state of Iowa in August, 1910, and
that:

"He is now and for more than 35 years last past has
been a resident of the state of Iowa, and now resides in
Sioux City Township, Woodbury County, Iowa."

The original notice was served by publication; a decree
of divorce was entered Sept. 5, 1913; and, on Sept. 1, 1914,
defendant, through her attorney, filed a motion to set aside
the decree on several grounds, among which was that the
decree was void for want of jurisdiction. On Sept. 9, 1915,
another motion was filed by defendant, with affidavit at-
tached, alleging as grounds for setting the decree aside:
(1) That plaintiff had not been a resident of Iowa for a year
prior to the commencement of the action; (2) that the peti-
tion does not allege the length of his residence in the town-
ship stated, after deducting all absences from the state,
"although defendant, at the time of the commencement of
this, was and ever since has been a nonresident of the state
of Iowa;" (3) that the plaintiff was not, at the time of the
commencement of the action, "an actual and bona fide resi-
dent of Sioux City Township or of Woodbury County, in

the state of Iowa, but his alleged residence in said township was wholly colorable, and it was assumed for the sole purpose  *  *  *  of procuring a decree of divorce," without the knowledge of defendant.  The affidavit of defendant, attached to the motion, states that they parted in pursuance of an agreement so to do; that the plaintiff left her without cause and was without cause for obtaining a divorce; that, immediately after making said agreement, defendant went to Omaha, Nebraska, to work for the Woodmen of the World, and has ever since been employed by said order in its main office at said place, and this plaintiff well knew; that, within a few months thereafter, plaintiff removed to the city of Winnipeg in the Dominion of Canada, and made his home there, practicing his vocation of dentistry for the period of two years prior to the commencement of this action; that plaintiff, "at the time of his removal to Canada, and during his said residence and pursuit of his calling there, intended to remain there indefinitely and make his home indefinitely and permanently; and said plaintiff, during his said residence there, lived and cohabited with a woman whom he represented to be his wife; and said plaintiff acquired a domicile and residence in the city of Winnipeg in the Dominion of Canada, which continued until a few days prior to the commencement of this action; that, in the early part of July, 1913, and immediately preceding the commencement of this action, said plaintiff came to Sioux City, Iowa, and started said action for divorce against this affiant, caused the notice to be published in a paper devoted to the publication of legal notices and not read by the public generally, procured the divorce at the time set, and within a day or two thereafter permanently removed from Sioux City and made his home elsewhere." The affiant further swore that "neither affiant nor said plaintiff has at any time been a resident or inhabitant of the city of Sioux City, Iowa, and that both affiant and said plain-

tiff were, at the time of the commencement of this action, strangers in said county of Woodbury; that said plaintiff, in taking up his residence in said city and remaining there during the time between the commencement of said action and rendition of said decree, had no intention of making said city his home, but intended to remain there only during the time necessary for him to obtain said decree." A copy of the alleged agreement was attached, bearing date Sept. 8, 1910, and it recited: "I am leaving my wife, Lillian Blaine Williamson, and without fault on her part, the only reason being that I have ceased to care for her." Therein he undertakes to pay her $25 monthly as separate maintenance, and not to try to get a divorce without having a notice personally served upon her. She agreed to pay her own bills, and that he should not be responsible therefor. The plaintiff moved to strike the motion and affidavit attached thereto, on the grounds: (1) That the same shows that over two years have elapsed since the divorce decree was obtained; (2) that a decree of divorce may not be set aside after the second day of the term succeeding its entry; (3) that thereafter, the decree can only be assailed by petition; and (4) that the decree cannot be attacked even by petition after the lapse of one year from the rendition of the decree.

The motion came on for hearing Nov. 8, 1915, and was sustained. The defendant appeals.—*Reversed.*

*Alfred Pizey* and *Vail E. Purdy,* for appellant.

*George G. Yeaman,* for appellee.

1. JUDGMENT: opening or vacating: void judgment: divorce.

LADD, J.—A decree of divorce was entered Sept. 5, 1913. The service of the original notice was by publication. The defendant, who is a resident of Nebraska, on Sept. 9, 1915, filed a motion with affidavit attached thereto, praying that the decree of divorce be set aside. This was

on the ground, among others, that neither party was, at
the time suit was begun, a resident of this state, nor had
been for two years previous. The defendent so swore in
the affidavit. Oct. 11, 1915, was fixed as the time of ap-
pearance and plaintiff duly notified, and on that day hear-
ing on the motion was set down for Nov. 3d following, any
counter-showing by plaintiff to be filed at least 10 days be-
fore. On Oct. 26th, plaintiff filed a motion to strike defend-
ant's motion and affidavit, for that: (1) Over 2 years had
elapsed after the entry of a decree when it was filed, and
one and one-half years after she had learned of the decree;
(2) such a decree cannot be set aside after the second day
of the term succeeding its entry; (3) there-
after, a decree can only be assailed by pe-
tition, and (4) not then after one year from
the entry of the same; and (5) that, be-
cause of her knowledge of the decree for so long a time, de-
fendant is estopped from asking that the decree be set aside.
This motion was sustained, and, as we think, erroneously.
No prejudice appears to have resulted from the delay in
filing the motion to set aside the decree, and therefore one
of the essential elements of estoppel is wanting. Nor do
the provisions of Sections 3790 and 4091 of the Code relate
to judgments or decrees entered without jurisdiction. Both
contemplate the acquiring of jurisdiction; for the first au-
thorizes default to be set aside on showing of satisfactory
excuse for failure to appear and defend, and must be filed
on or before the first day of the succeeding term of court,
and the last provides for the vacation or modification of a
decree or judgment previously entered, or the granting of
a new trial after the term at which rendered, upon showing
of matters concerning the obtaining of the judgment.
Neither section relates to a decree or judgment entered by
the court without having obtained jurisdiction over person
and subject-matter, and the precise procedure is not specifi

2. JUDGMENT:
opening or va-
cating: void
judgment: pro-
cedure.

cally prescribed in the Code. But a motion is defined by Section 3831 of the Code as "a written application for an order, addressed to the court or a judge in vacation, by a party to an action, or by anyone interested therein." As contended, such an order is not a judgment or decree (*Wagner v. Tice*, 36 Iowa 599), but its effect may be to set aside or vacate such judgment or decree; and testimony, in the form of affidavit or otherwise, as the parties may agree or the court direct, may be adduced in support of or against such a motion. Section 3833, Code. And we have held that, to vacate a void judgment, the proper procedure is by filing motion praying that this be done. *Spencer v. Berns*, 114 Iowa 126. And this is in accord with procedure elsewhere. Says Black, in the first volume of his work on Judgments, Sec. 303:

"The method of procuring the vacation of judgments which is by far the most commonly used, at the present day, is the proceeding by application to the court which rendered the judgment, in the form of a motion, with notice to the adverse party. This practice, being simple, speedy, and effective, is well calculated to promote the interests of justice with the least cost and trouble to suitors."

It differs from an application to set aside a default made (Section 3790 of the Code), in that the mover is not required to plead to the merits, and is not limited to any time within which to file or present his motion. See *Belknap v. Belknap*, 154 Iowa 213, 226; *Jordan v. Brown*, 71 Iowa 421.

A void judgment is no judgment at all, and no rights are acquired by virtue of its entry of record. A court may at any time expunge it from the record upon motion. The lapse of time is no bar to such relief. *Neff v. Beauchamp*, 74 Iowa 92; *Hayes County v. Wileman*, 82 Neb. 669 (118 N. W. 478); *Heffner v. Gunz*, 29 Minn. 108 (12 N. W. 342); *Hanson v. Wolcott*, 19 Kans. 207; 2 Bishop on Marriage,

Divorce & Separation, Section 1545; Freeman on Void Judicial Sales (4th Ed.), Section 2.

Though service was by publication, the two-year limitation prescribed by Section 3796 of the Code, in which applications for new trial must be made, does not concern divorce suits (*Tollefson v. Tollefson,* 137 Iowa 151), nor cases where the judgments entered are void. (*Gaar Scott & Co. v. Taylor,* 128 Iowa 636). Nor does Section 4093 of the Code apply, for that neither it nor Section 4091 relates to void judgments. It follows that the motion of plaintiff to strike should have been overruled; for the procedure by filing a motion was proper, and this was in time.

3. DIVORCE: judgment or decree: nonconclusiveness of finding on question of residence.

The merits could not well have been passed on, and for this reason we might stop here; but, as the only debatable question, aside from fraudulent concealment, presented by the motion, is whether the district court of Woodbury County acquired jurisdiction of the subject-matter, and this is argued, something may be added on that issue.

Section 3171 of the Code declares:

"The district court in the county where either party resides has jurisdiction of the subject-matter of this chapter" (relating to divorce and alimony).

But for such enactment, the courts would be without jurisdiction in the matter of granting divorces. What follows relates to the details of procedure and the grounds on which decree of divorce or annulment may be procured. *Gelwicks v. Gelwicks,* 160 Iowa 675; *Scott v. Scott,* 174 Iowa 740. See *Mengel v. Mengel,* 145 Iowa 737. Section 3172 of the Code exacts that a bona fide residence of petitioner in the county, when defendant is a nonresident, for one year preceding the filing of the petition, be alleged; and Section 3173, that, "if the averments as to residence are

not fully proved, the hearing shall proceed no further, and the action be dismissed by the court."

Appellee's contention seems to be that, from the entry of the decree, the court is presumed to have passed on the issue of residence, and decided that plaintiff was a resident of Woodbury County at the time of commencing the suit; and because of this, its decision must be treated as *res adjudicata.* That a bona fide residence is essential to confer jurisdiction has been the rule of this court since *Hinds v. Hinds,* 1 Iowa 36, and obtains generally. If neither party was a resident of Woodbury County, actually bona fide and *animo manendi,* the court did not acquire jurisdiction. *Dutcher v. Dutcher,* 39 Wis. 651. 2 Bishop on Marriage, Divorce & Separation, Section 111. In other words, such a residence is essential to the jurisdiction of the court.

4. DIVORCE: jurisdiction · nonresidence of both parties.

That the court passed on that issue is necessarily conceded, but the contention of defendant is that its decision was induced by the fraud of plaintiff by false testimony concerning his place of residence, and in concealing the fact of his application for divorce from defendant. Counsel for appellee argue that, even though the decree may be shown to have rested on perjured evidence, this would not justify vacating the decree, and relies on *Graves v. Graves,* 132 Iowa 199, and like cases; but the rule laid down in these decisions relates to evidence bearing on the merits. That rule does not obtain where the fraud complained of was that of inducing the court to act by falsely showing a colorable jurisdiction of the subject-matter, where there was no real jurisdiction over the same. *Caswell v. Caswell,* (Ill.) 11 N. E. 342; *Edson v. Edson,* 108 Mass. 590, 599; 2 Bishop on Marriage, Divorce & Separation, Sec. 184. See *Rush v. Rush.* 48 Iowa 701 (46 Iowa 648). *Whitcomb v. Whitcomb,* 46 Iowa 437; *Klaes v. Klaes,* 103 Iowa 689; *Lawrence v. Nelson,* 113 Iowa 277.

In *Scott v. Scott,* 174 Iowa 740, the issue as to jurisdiction was directly raised by defendant, and, both parties being before the court, the finding that the court had jurisdiction was declared, in the absence of fraud or collusion, conclusive as between the parties, save on appeal. Here there was no appearance by the defendant. The notice was served by publication, and the hearing *ex parte.* In such a case, the authorities leave no doubt that issue as to whether the court acquired jurisdiction to entertain the suit may be raised by motion of the defendant to vacate the decree as void on that account.—*Reversed:*

GAYNOR, C. J., EVANS and PRESTON, JJ., concur.

SALINGER, J., concurs in reversal, but is of opinion that the merits should not be passed on, and he expresses no opinion on same and does not desire to be concluded upon the merits.