SHERMAN GIRDEY, Appellee, v. MOLLIE GIRDEY, Appellant.

No. 40868.

2

Parsons & Mills, for appellee.

Carr, Cox, Evans & Riley, for appellant.

 Albert, J.—The plaintiff, a farmer, resided for many years in Webster county, Iowa, where he was the owner of a 320 acre farm. His wife died in the spring of 1925, leaving him with one child, a daughter. He afterwards made several visits to California and on March 8, 1927, he married the defendant. They lived together over a year in defendant's home in Long Beach, California. They had domestic trouble, followed by a reconciliation, but on November 1, 1928, plaintiff finally left defendant and returned to Iowa and made his home with his sister in the city of Des Moines. On January 11, 1930, plaintiff was granted a decree of divorce against the defendant on published notice, this being a default decree.

On the 6th day of June, 1930, defendant sought to take advantage of section 11595, Code, 1927, reading as follows:

"When a judgment has been rendered against a defendant or defendants, served by publication only, and who do not appear, such defendants, or any one or more of them, or any person legally representing him or them, may, at any time within two years after the rendition of the judgment, appear in court and move to have the action retried, and, security for the costs being given, they shall be permitted to make defense; and thereupon the action shall be retried as to such defendants as if there had been no judgment."

In pursuance thereof, defendant filed a motion for retrial, which motion was overruled on July 9, 1930, and the first ques-

tion raised on the appeal is as to the ruling of the court on this motion.

This court made a pronouncement on this proposition and held that the above quoted section is not applicable to a divorce decree in Gilruth v. Gilruth, 20 Iowa 225, which was followed in Whitcomb v. Whitcomb, 46 Iowa 437; Tollefson v. Tollefson, 137 Iowa 151. The theory of these holdings is indorsed in In re Estate Feldner, 167 Iowa 150.

Some of the members of this Court are of the notion that these holdings are judicial legislation engrafting on a statute an exception where no exception is provided in the statute, yet it has been too long the recognized doctrine of this State for this court to now disturb the same.

On July 17, 1930, a petition for a new trial was filed to which the plaintiff filed a general denial on September 8th following. On October 20, 1930, Mollie Girdey filed a motion to set aside the original decree, and on October 21st, this matter came on for hearing, and from the holding of the trial court overruling said motion (and dismissing said petition) Mollie Girdey appeals.

The petition and motions above referred to were bottomed on fraud in that the plaintiff was not a resident of Iowa in good faith for one year as required by the statute, and defendant seeks to advantage herself of the provisions of Chapter 552, Code, 1927. Among other provisions of said chapter is one that a final judgment may be vacated or modified or a new trial granted for fraud practiced in obtaining the same.

Chapter 471 of the Code of 1927 deals with divorces and annulments of marriage. Section 10468 reads as follows: ''The district court in the county where either party resides has jurisdiction of the subject matter of this chapter.''

In Section 10470 it is provided that plaintiff must state in his petition that he has been for the last year a resident of the state, and that such residence has been in good faith, and not for the purpose of obtaining a divorce only.

Section 10473 provides that, ''if the averments as to residence are not fully proved, the hearing shall proceed no further, and the action be dismissed by the court.''

It is settled in this state that the issue as to whether or not the court acquired jurisdiction to entertain the suit may be raised

by motion of the defendant to vacate the decree. Williamson v. Williamson, 179 Iowa 489; Beeman v. Kitzman, 124 Iowa 86; Spencer v. Berns, 114 Iowa 126.

The residence required by these provisions of the divorce law has been elaborately discussed and set out in Hinds v. Hinds, 1 Iowa (Clarke) 36, and the rule there laid down has been followed and in some instances discussed in Whitcomb v. Whitcomb, 46 Iowa 437; Lawrence v. Nelson, 113 Iowa 277; Beeman v. Kitzman, 124 Iowa 86; Williamson v. Williamson, 179 Iowa 489.

From these cases it follows that the residence must be an actual residence as distinguished from a temporary abiding place, and further than this, it must not be a residence solely for the purpose of procuring a divorce only. In Hinds v. Hinds, supra, it was held that a legal residence, not an actual residing alone, but such a residence as that when a man leaves it temporarily on business, he has an intention of returning and which, when he has returned, becomes, and is, *de facto* and *de jure*, his domicil.

The fraud which will authorize the granting of a new trial under the aforesaid section of the Code must be extrinsic or collateral to the matter directly involved in the original case. Tollefson v. Tollefson, 137 Iowa 151, 1. c. 154.

False testimony in the trial in the original action is not alone sufficient to warrant a new trial. Graves v. Graves, 132 Iowa 199; Tollefson v. Tollefson, supra.

The substance of the claim made under these motions is that a fraud was perpetrated in that the plaintiff was never a bona fide resident of the State of Iowa as required by the statute. The charge of fraud necessarily carries with it the burden on the party making it to sustain the same by sufficient evidence to satisfy the court that such fraud has been perpetrated. The presumption in the first instance is that honesty prevails in all of these matters, and when fraud is charged it casts the burden on the party asserting it to prove the same. In re Estate of Kempthorne, 188 Iowa 70, 1. c. 84.

With these rules as a guide, we turn to the evidence in the case to determine whether or not the fraud charged has been sustained. The only question involved in this respect, as above stated, is the question of whether the plaintiff was a bona fide

resident of Iowa for the time required by the statute. It can not be disputed that he was in Iowa for a longer time than required by the statute. The question left therefore is whether or not he was a bona fide resident during that time. Among other things the evidence shows that he left the defendant in November, 1928, and advised her that he was leaving; that he went directly to Des Moines, Iowa, and made his home with his sister, Mrs. Kutenberger, in that city; that he was suffering from some bodily ailment and was in bed part of the time and part of the time under a doctor's care; that he lived with his sister from November, 1928, until December, 1929, when on account of sickness in her family he took a room at a rooming house in Des Moines and later changed rooms to another place in Des Moines where he was living at the time of the divorce. While living in Des Moines with his sister he made several trips to his farm in Webster county, his only business being to look after his farm. His banking connection was with a bank at Dayton (Webster county) Iowa. He first saw an attorney about obtaining a divorce in November, 1928, shortly after his arrival in Des Moines. He testified flatly that when he came to Iowa he came to Iowa to live; that he never registered or voted at any other place than Iowa, and was of the notion that his residence was in Iowa at all times and that he never lost it by reason of the time he was in California. In other words, he insists that his residence is now in Iowa and has never been anywhere else. When the time came he turned the matter of obtaining a divorce over to his attorneys and a notice was published in the Mitchellville Index. He says he did not tell his wife that he intended to get a divorce and give her a chance to defend because he did not have to tell her. During the interim his wife wrote him several letters which he did not answer. While defendant claims she did not know of his whereabouts until after the divorce decree, his sister, Mrs. Kutenberger, testified that she wrote the defendant in December, 1928, advising her that her husband was in Des Moines.

This seems to be about all of the material testimony bearing on this question. The burden was on the movant to prove, by a preponderance of the evidence, that the residence of the plaintiff in Iowa was not bona fide. As we view it, from the whole record defendant has not sustained this burden, and therefore,

the district court was right in refusing to vacate and set aside the decree.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.