AUGUST O. KORSRUD, appellant, v. THEA SOPHIE KORSRUD, appellee.

No. 47810.

(Reported in 45 N.W.2d 848)

FEBRUARY 6, 1951.

Cutting & Cutting, of Decorah, for appellant.

Miller & Pearson, of Decorah, for appellee.

OLIVER, J.—This proceeding involves the validity of a default judgment for divorce rendered by and subsequently vacated by the district court of Winneshiek County, Iowa. Plaintiff, August Korsrud, had lived in Decorah, Iowa, until about 1943 when he went to Hawaii where he lived and worked as a civilian employee in the Navy Yard at Honolulu until about November 30, 1948. The record indicates he was in the United States only twice during this period. On the first trip he was in the United States for several months in the fall and winter of 1945. During this trip he arranged to marry defendant. Plaintiff next came to the United States for about forty days during the summer

of 1947 when he was procuring the decree of divorce in Winneshiek County.

Defendant lived in Minot, North Dakota. She went from there to Hawaii early in 1946 and March 10, 1946, married plaintiff in Hawaii. After their marriage both parties worked in the Navy Yard at Honolulu as civilian employees. They lived in an apartment in Honolulu. Mrs. Korsrud testified he frequently told her he considered Honolulu his residence.

July 10, 1946, Mr. Korsrud moved from the apartment to another address in Honolulu. Shortly thereafter he instituted in the Circuit Court of Hawaii, an action against Mrs. Korsrud for divorce. In starting that action he stated under oath that he was then and had been for more than the preceding three months a resident of Honolulu and had resided in Hawaii for a continuous period of more than two years last past. When summons was served on Mrs. Korsrud she employed counsel to defend the case. No action appears to have been taken in the case other than its dismissal by plaintiff shortly after he secured the Iowa decree of divorce in 1947. A few months after the parties separated Mrs. Korsrud moved from the apartment they had occupied, and for several years lived in a dormitory for civilian employees. She testified Mr. Korsrud knew where she was living and telephoned her there about some of his belongings sometime between April and July 1947.

In July 1947, Mr. Korsrud secured a leave of absence from his employment and came to the United States with the intention of returning to Hawaii. He was in Decorah about forty days. During that period he instituted the action and procured the Iowa decree of divorce here in question. The petition was filed July 22, 1947. It was based upon alleged inhuman treatment. In it Mr. Korsrud swore he had resided for more than the year last past in Decorah, Winneshiek County, and still resided in Decorah, and that such residence was in good faith and not for the purpose of obtaining a divorce only. One of his attorneys made the affidavit for publication of the original notice in which the attorney swore the residence of Mrs. Korsrud was unknown. The original notice was published in a local newspaper July 23, 30, and August 6, 1947. It required her to appear on

or before August 29, 1947. An affidavit made by Mr. Korsrud stated he had no knowledge and was unable to determine whether Mrs. Korsrud was in the military or naval service of the United States.

Mrs. Korsrud did not appear and the default judgment was taken August 30, 1947, the first day possible. Mr. Korsrud testified he had been a good faith resident of Decorah for the past year and, in fact, for his whole life. He testified also he did not know where his wife was. The court was not advised plaintiff had lived and worked in Hawaii almost continuously since 1943 and claimed that territory as his domicile or that plaintiff knew the occupation and residence of his wife and had telephoned her there shortly before he left Hawaii or that there was pending in Hawaii a divorce suit instituted by plaintiff in 1946. Plaintiff's testimony of inhuman treatment was corroborated by his sister who did not claim to have seen or talked with either party during their married life but who testified she had received some letters from plaintiff. When the divorce was granted plaintiff promptly returned to Hawaii and continued his employment there until November 1948.

October 1, 1947, he caused to be filed a discontinuance (dismissal) of the divorce suit in Hawaii. Soon after that Mrs. Korsrud first learned of the divorce suit in Iowa. She instructed her attorney in Hawaii to take prompt action. A record of the Iowa divorce proceedings was secured and Decorah attorneys were employed.

Her application to vacate the judgment was filed in the District Court of Winneshiek County January 7, 1948. After allegations concerning the two actions for divorce and the residences of the parties, the application asserted the court was without jurisdiction to grant the divorce and the divorce was procured by fraud upon the court which induced it to assume jurisdiction, as well as by fraud upon the defendant which denied her an opportunity to defend. It alleged also, and she testified, she had, at all times, been a kind, loving and dutiful wife, and had a good defense to the action.

The trial court vacated the judgment and decree of divorce, finding the allegations of defendant's petition to vacate were supported by the evidence and were true and that upon the whole

record defendant was entitled to have her petition granted. Plaintiff has appealed.

█ █ I. We hold the findings and conclusions of the trial court were correct. Since defendant was a nonresident of Iowa, only the district court of the county where plaintiff resided had jurisdiction of the subject matter. Such residence must be in good faith and not for the purpose of obtaining a divorce only. Sections 598.1, 598.3, 598.4 and 598.6, Code of Iowa, 1950. To be a resident within the meaning of these provisions one must have a fixed habitation with no intention of removing therefrom. Hinds v. Hinds, 1 Iowa (Clarke) 36; Williamson v. Williamson, 179 Iowa 489, 496, 161 N.W. 482; Girdey v. Girdey, 213 Iowa 1, 238 N.W. 432.

Except for the several months spent in Iowa leading up to his marriage in Hawaii and his forty-day trip to Iowa when he procured the divorce, plaintiff had worked and lived in Hawaii continuously since 1943. There was evidence he frequently declared he considered Honolulu his residence. He made the same declaration under oath when he instituted his action for divorce in Hawaii. He testified his attorney in the Hawaiian suit later told him, "I should come back to Decorah and get it, that was the proper place to get it." Of course, Hawaii, the matrimonial domicile where defendant lived and was served with personal notice, was the proper place for the divorce action. The lawyer knew that before as well as after the suit was started and would not have started it in Hawaii had that not been a proper place. Plaintiff's testimony on this point taxes one's credulity.

His conduct in the whole affair warrants the inference he sought to deprive defendant of the opportunity to defend. Despite his testimony that his lawyer told him Decorah was the proper place to get the divorce, the action in Hawaii was not dismissed until after the Iowa decree of divorce. This tended to prevent defendant from searching elsewhere for a possible action against her. It was the dismissal of the Hawaiian action which led to the investigation and discovery of the Iowa decree.

█ The record satisfactorily shows plaintiff was not a resident of Winneshiek County, and that his affidavits and testimony that he was such resident were false and were a fraud upon the court which was thereby induced to act, although its jurisdiction

of the subject matter was only colorable and not actual. Hence, the court was without jurisdiction and the judgment was void. Williamson v. Williamson, 179 Iowa 489, 161 N.W. 482; Snyder v. Snyder, 240 Iowa 239, 35 N.W.2d 32; Messenger v. Messenger, 188 Iowa 367, 176 N.W. 260; Beeman v. Kitzman, 124 Iowa 86, 99 N.W. 171; Bowen v. Bowen, 219 Iowa 550, 258 N.W. 882; Whitcomb v. Whitcomb, 46 Iowa 437; Rush v. Rush, 48 Iowa 701.

II. The judgment was void and compliance by defendant and the court with Rules of Civil Procedure 252 and 253, and section 683.2, Code of Iowa, 1950, was not essential. Swift v. Swift, 239 Iowa 62, 29 N.W.2d 535, 538; Williamson v. Williamson, 179 Iowa 489, 161 N.W. 482.

Although formal findings of fact and conclusions of law were not filed as required by R. C. P. 179, plaintiff did not avail himself of the procedure provided by R. C. P. 179(b) and may not now complain of their omission. In re Estate of Coleman, 238 Iowa 768, 770, 28 N.W.2d 500.

The inclusion of a request for new trial in the prayer of a petition to vacate a judgment which is void for any reason does not validate the judgment. And where, as here, a judgment for divorce is void for want of jurisdiction of the subject matter, it could not be validated by anything contained in a petition to vacate it.

Other propositions presented by plaintiff have been considered. None of them entitles him to a reversal.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.