*Lyster v. Lyster.*

LYSTER <i>v.</i> LYSTER.

In cases for divorce, under section 1484 of the Code, which requires the court to be satisfied that the complainant is the injured party, it is entirely within the power of the District Court to examine into the circumstances of each case, notwithstanding the consent of the parties, and upon such examination, to refuse the prayer of the petitioner.

In cases of divorce, under the eighth clause of section 1482 of the Code, the law requires that the *court* shall be satisfied; that it shall be made fully apparent to the *court*, that the parties cannot live in peace and happiness, &c., and not that the parties shall be satisfied.

Where the evidence in a cause is not brought up to this court, we are bound to presume that there was sufficient to justify the decree.

The written admission of a defendant, on the notice of appeal to this court, that complainant had proved the truth of his bill on the trial below, and that she never had treated him well, and never would, cannot be acted upon by this court, as we can only act upon what guided the District Court in its decision.

*Appeal from the Mahaska District Court.*

THE husband, John Lyster, filed his petition for divorce, July 5, 1854. The petition contains a number of general averments, but the only one upon which the chancellor could, under any circumstances, grant a divorce, is based on the eighth clause of section 1482 of Code, viz: "That the parties cannot live together in peace and happiness, and that their welfare requires a separation." It does not appear that the original notice was ever served on the defendant, but at the August term of the District Court, she appeared by attorney, and "admitted that she had been duly served with process; that she would not live with complainant; that she could not do so with any degree of comfort or happiness; and that their welfare required a separation." On the same day, as appears from the final order of the court, the cause came on to be heard, on bill, answer, and *testimony*, and it was adjudged that the bill be dismissed, at the costs of the complainant. From this decree, the complainant appeals. Accompanying the notice of appeal, served on the defendant on the 14th of June, 1855, is her admission and consent, in substance, that complainant had proved the truth of his bill in the trial below, and that she never had treated him well, and never would. Upon this record, the complainant insists that this court should decree a divorce.

*James A. Seevers*, for appellant.

No counsel appeared for the appellee.

WRIGHT, C. J.—We see no sufficient legal reason for granting this divorce. It was entirely in the power of the court below, to examine into the circumstances of the case, notwithstanding the consent of the parties; and upon such examination, to refuse the prayer of the petitioner. It should be a very clear case, indeed, where it would not be the *duty* of the court to so inquire. The law requires that

the *court* shall be satisfied; that it "shall be made fully apparent to the *court*, that the parties cannot live together in peace and happiness," and not that the *parties* shall be satisfied. It is not alone the immediate parties to this proceeding that are affected, but in most instances, the care and disposition of children and property; and, in all cases, the proper moral order and peace of society will and must arise. And hence it is, that by section 1484 of the Code, the power is given to the court, in such cases, where a defendant makes a default, to bring him in by attachment, and compel him to answer; and, indeed, there is nothing in any part of our law, that takes from the court the power to make such examination, either in case of default, or when the parties consent to the divorce; or, indeed, in any case where it may doubt whether sufficient legal reasons do exist for such divorce. It appears that in this case such examination was made, and upon that, a divorce was refused.

It is, perhaps, scarcely necessary to refer to authorities to sustain so plain a proposition. It will, however, be found recognized in *Williamson* v. *Williamson*, 1 Johns. Ch. 487; *Van Veghten* v. *Van Veghten*, 4 Ib. 501; *Richardson* v. *Richardson*, 4 Porter, 467; *Miller* v. *Miller*, 1 Green Ch. 139; *Palmer* v. *Palmer*, 1 Paige, 276.

In the case from 1 Johnson, 487, above referred to, the chancellor uses this language: "To guard against all kind of improper influence, collusion, and fraud, it is the policy of the law not to proceed upon the ground of the *consent* of parties, to a dissolution of the marriage contract." And in another case, the same learned chancellor says: "The court cannot take notice of any consent or desire of the defendant, in compliance with the wishes of the plaintiff, and make *that* the ground even of a qualified divorce from bed and board. It ought to be well understood, that the court will not lend its judicial aid and sanction to any such voluntary agreement. Parties cannot lawfully rid themselves of the duties of the marriage contract at the pleasure of either or both of them." And, indeed, it appears that, except by the laws of France and Prussia, no such relaxation of the mar-

riage tie, is tolerated in Christian nations. In *Evans* v. *Evans*, 1 Hagg. Consist. 56, Lord Stowell, in speaking of these separations, says, "that the disinclination to live to-gether must be founded upon reasons which the law ap-proves, and it is the duty of the court to see that those reasons are sufficient." In this case the District Court, upon hearing testimony, found that those reasons were not suf-ficient. That testimony is not before us, and for this reason, if for none other, we should not disturb this decree, presum-ing, as we are bound to, where the evidence is not brought up, that there was sufficient to justify the decree.

The consent of the defendant, given since the trial in the court below, cannot, of course, change the result. We can only act upon what guided the District Court. If we could, however, for reasons above stated, this subsequent consent, could make no difference. It was the province and duty of the court, to judge what was, and was not, proved; and it is immaterial how much, or how strongly, the defendant may admit the sufficiency of the proof. The public has an interest in these cases, and the parties cannot be their own judges, but the court decides where so many interests are involved.

Decree affirmed, and bill dismissed at plaintiff's costs.

ISBELL, J., being absent, took no part in this decision.