MAUD M. BLINN v. HARRY M. BLINN, Appellant.

Divorce: REFUSAL TO TRY ON ACCOUNT OF COLLUSION. Where the manner and substance of examination and cross-examination in proceedings for divorce might have created a suspicion of collusion between the parties to the action but was not conclusive thereof, it was error for the court to refuse to hear further testimony and to dismiss the case.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

WEDNESDAY, JANUARY 23, 1901.

THE plaintiff petitions for divorce on the ground of cruel and inhuman treatment endangering her life. The defendant answered, denying the charge of cruel and inhuman treatment, and by way of cross petition charges that the plaintiff committed adultery with James C. Smith, William P. Hart, and divers other men, and asks a divorce on that ground. Plaintiff replied, denying said charge of adultery. By consent of the parties, the issues on the cross petition were to be first tried. After hearing part of the evidence in support of the cross petition, the court declined to proceed 'further with the case, and ordered that both petitions be dismissed, to which order both parties excepted, and from which the defendant appeals.—*Reversed.*

*E. L. Miller* for appellant.

*Hayes & Schuyler* for appellee.

GIVEN, C. J.—I.  The defendant and James C. Smith and William P. Hart were called and examined in support of the cross petition, and were cross-examined by counsel for the plaintiff. A witness was called, but not appearing, the following took place: "By the Court: I do not care to go on with this matter any further. It is apparent from the cross-examination that an effort is being made from the questions being asked on cross-examination as to places, times, and things of that character—it is very apparent to the court that this is not to obtain a divorce, but that there is a collusion between the plaintiff and the defendant for some other purpose; and I am not going to make this court a place for the accomplishment of such things. Take this last cross-examination. There is not a question asked this last witness on cross-examination that was referred to in the direct examination. But the plaintiff's attorney tries to locate them at times and places that the defendant's attorney has not asked about. In view of all circumstances, I decline to proceed further with the case. Mr. Miller, Attorney for De-

'fendant: Your honor, I have a matter which has been reduced to writing, and I have subpoenaed Mr. Hansen to be here to show that Mrs. Blinn testified that she was present at those places with Mr. Smith. By the Court: As the matter has shaped itself before the court, and in view of this cross-examination as it has been carried on, in view of the state of the case, I don't propose to hear any more testimony. It does not strike me, from the proceedings of the case, that it is a *bona fide* case, or a matter between the plaintiff and the defendant for a divorce. Mr. Hayes: Certainly I have not entered into anything of the kind, and I have been trying to cross-examine the witnesses. Mr. Miller: As far as an agreement between the plaintiff and defendant to get a divorce, there is no such agreement. I will state to the court exactly the condition and state of the evidence. In regard to being present at Mrs. Kinch's, it has been testified to by Mrs. Blinn herself. There has been no agreement between the parties of this suit touching the securing of a divorce other than plans as to the amount of alimony Mr. Blinn was to let Mrs. Blinn have in case divorce was got by her. That is all; and there is no other agreement that I know of. I would like to offer in evidence other testimony that I have. By the Court: My idea of the law is that no admissions made by the parties can be introduced. They are incompetent. If they are, the parties can make whatever admissions outside they wish to, and thereby prove a case; but such admissions are not competent evidence. The authorities are practically unanimous that way. The admissions of parties are not considered of much, if any, value; and I think it is laid down that they are not competent at all; otherwise, you could prove a divorce case every day in the week." The examination in chief of Smith covers five pages, and the cross-examination two pages. The examination in chief of Hart covers two, and the cross-examination over one, page of the abstract. We will not set out this examination. It is enough to say of it that, while it may create a suspicion of collusion between

the parties to the action, we think it is not so conclusive as to warrant the court in declining to hear further testimony, and in dismissing both petitions. While the court should be prompt to denounce collusion between parties to this kind of an action to secure a decree of divorce, the parties should be fully heard in support of their respective claims.—RE-VERSED.