GEORGE MENGEL, Appellant, v. BLANCHE MENGEL and LOUIS ECKHARDT, Sheriff, Appellees.

**Pleadings:** DEMURRER: SPECIFICATION OF GROUNDS. Where the relief
1 asked is only such as a court of equity can grant, as to enjoin the enforcement of a judgment for temporary alimony, to vacate the same and a levy and sale thereunder, a general demurrer to the petition on the ground that the facts stated do not entitle the plaintiff to the relief demanded is sufficient, although in an action by ordinary proceedings a more particular statement of the objection is required.

**Judgments:** VACATION FOR FRAUD. A judgment will not be vacated
2 for fraud inhering in the proceeding itself and which is conclusively negatived by the judgment; as where it was sought to set aside a judgment for alimony on the ground that it was entered upon false and fraudulent evidence of the plaintiff's means of support.

**Divorce:** PLEADINGS: JURISDICTIONAL DEFECT. The requirement that
3 a petition for divorce allege that the application is made in good faith, though mandatory, is not a jurisdictional defect for which a judgment based thereon may be collaterally attacked.

*Appeal from Scott District Court.*—HON. A. J. HOUSE, Judge.

FRIDAY, MARCH 12, 1909.

SUPPLEMENTAL OPINION WEDNESDAY, OCTOBER 27, 1909.
REHEARING DENIED TUESDAY, FEBRUARY 15, 1910.

THE plaintiff filed a petition in the office of the clerk of the district court for Scott County, praying

that a certain decree, granting alimony to the defendant herein, be canceled and vacated, and that a levy made thereunder be released and that a temporary injunction be granted, pending the application, restraining the enforcement of said alleged void judgment for alimony. The petition was demurred to and the demurrer sustained. Plaintiff elected to stand upon the demurrer and his pleadings, and thereupon his application for temporary injunction was overruled under due exception. This appeal is from said action of the court.—*Affirmed.*

*Ruymann & Ruymann* and *Salinger, Scott & Theophilus,* for appellant.

*Sharon & Donegan,* for appellees.

McCLAIN, J.—Under a decree of divorce rendered in a suit brought by this defendant against this plaintiff, there was a decree granting to the plaintiff in that case temporary alimony, and from such decree there was an appeal to this court resulting in an affirmance and the entry of judgment against said defendant on which execution issued with a levy on property of defendant; whereupon this suit was instituted to enjoin the enforcement of the judgment on two grounds: First, that the plaintiff in the divorce suit knowingly, willfully, fraudulently, and corruptly swore falsely in an affidavit supporting her motion for temporary alimony that she had no property nor means of support; and, second, that in the petition in the divorce suit there was no allegation that the application was made in good faith and for the purpose set forth in said petition as required by Code, section 3172, in such cases. The foregoing are the facts alleged in plaintiff's amended and substituted petition, and they are for the purposes of the case admitted by defendant's demurrer thereto which the court sustained.

I. Error is assigned in sustaining a demurrer not sufficiently specific. It is provided in Code, section 3562, that in an equity case the ground of demurrer to the peti-

**I. PLEADINGS: demurrer: specification of grounds.**

tion that the facts stated therein do not entitle the plaintiff to the relief demanded is sufficient to raise that objection, although in an action brought by ordinary proceedings greater particularity in stating such objection is required. In appellant's abstract it is not specifically indicated whether the action was at law or in equity, but the sole relief demanded was that the plaintiff in that proceeding and the sheriff who was joined with her as defendant in this suit be enjoined from enforcing the judgment for temporary alimony, and that such judgment be held null and void and set aside and vacated, and the levy released and sale recalled, and that plaintiff have such other further relief as might be just and proper. The relief asked in this petition could only be granted in a court of equity. See Code, sections 3427, 4354. In argument it is suggested that the action is in effect an application for a new trial and to set aside an order made in the case in which said order was entered, under Code, section 4092, and that the injunction is by way of auxiliary relief as authorized in Code, section 4098. The difficulty with this claim is that no new trial is asked. The only relief applied for is to have the defendants enjoined from enforcing the judgment in the divorce proceeding and to have such judgment held null and void and set aside and vacated. This is plainly a prayer for equitable relief and not for a new trial under the statute. The demurrer was therefore sufficiently specific, and the court did not err in sustaining it, if the petition does not state facts sufficient to entitle the plaintiff to the relief demanded.

II. A judgment or decree will not be vacated merely because it was based upon evidence including forged documents or perjured testimony. Such fraud in the

original proceeding is intrinsic. It inheres in the proceed-
ing itself, and is conclusively negatived by
the judgment. A court of equity will inter-
fere to set aside a judgment for fraud only
where such fraud is extrinsic and collateral. *Graves v.
Graves,* 132 Iowa, 199; *Mahoney v. State Ins. Co.,* 133
Iowa, 570. The court in rendering judgment in the pro-
ceeding for alimony had jurisdiction to determine and
did determine whether the facts relied upon by the plain-
tiff in that proceeding were true, and in a new and in-
dependent proceeding to set aside the judgment it is not
competent for another court to say that a different result
should have been reached on account of the falsity of the
affidavit offered in support of the application for relief.

2. Judgments:
vacation
for fraud.

III. The failure to allege in the petition for di-
vorce that the application was made in good faith and for
the purpose set forth in the petition did not deprive the
court of jurisdiction to grant relief. The
pleading could have been attacked on that
ground, but it was for the defendant to raise
such objection at the proper time and in the proper man-
ner. Insufficiency of a pleading does not defeat the court's
jurisdiction of the case unless there is some express statu-
tory provision to that effect. *Reed v. Muscatine,* 104
Iowa, 183; *Kennedy v. Roberts,* 105 Iowa, 521. Errors
of law, which might be corrected on appeal, had proper
proceedings for the purpose been taken, can not be made
the ground of collateral attack upon the judgment. *Griffith
v. Milwaukee Harv. Co.,* 92 Iowa, 634; *Fulliam v. Drake,*
105 Iowa, 615. And see *Ex parte Yarbrough,* 110 U. S.
651 (4 Sup. Ct. 152, 28 L. Ed. 274), wherein it is held
that the court can not convert an independent proceeding
into a writ of error by which errors of law committed by
the court having jurisdiction may be inquired into. The
requirement that, in a petition in an action for divorce,
it must be alleged that the application is in good faith is

3. Divorce:
pleadings:
jurisdictional
defects.

mandatory; but it is no more explicit than the requirement in Code, section 3173, that the petition must be verified, and it has been held by this court that failure to verify such a petition does not deprive the court of jurisdiction or render subsequent proceedings invalid. *McCraney v. McCraney,* 5 Iowa, 231; *Ellis v. White,* 61 Iowa, 644; *Van Duzer v. Van Duzer,* 65 Iowa, 625.

The court did not err in sustaining defendants' demurrer to plaintiff's petition, and the judgment is *affirmed.*

### SUPPLEMENTAL OPINION.

PER CURIAM.—The appellant insists, in a petition for a rehearing, that the opinion is counter to decisions of this court on the question of jurisdiction in a divorce proceeding instituted by a petition lacking the essential averment that the application was "made in good faith." The cases in this court now relied upon are *Pinkney v. Pinkney,* 4 G. Greene, 324, *Lyster v. Lyster,* 1 Iowa, 130, *Inskeep v. Inskeep,* 5 Iowa, 204-208, and *Blinn v. Blinn,* 113 Iowa, 83. These cases were not cited by appellant on the original submission, and, as we now think that they are not at all controlling, we might properly refuse to notice the argument based upon them. But, inasmuch as counsel insists we have gone counter to our own prior decisions, and therefore have introduced a confusion into the law of the state, we have thought best to refer to them in this supplemental opinion.

In the *Pinkney* case there was an appeal by defendant from a decree of divorce granted by default, and one of several grounds of reversal was that the petition was not sufficient, because in alleging willful absence of defendant as a ground of divorce it was not stated that such absence was without sufficient cause. The court says this omission is fatal, and in other similar respects the petition is held to be fatally defective. But it is not inti-

mated in the opinion that the decree was on that account void and would be subject to collateral attack. Without doubt, failure of the plaintiff to allege facts, which by statute are required by mandatory provision to be alleged, would be a ground for reversal, even though the defendant has not raised the specific objection; but it does not follow that the decree based on such petition would be absolutely void and subject to collateral attack. In the *Lyster* case nothing is said pertinent to the question now before the court, save that the consent of defendant to the granting of the divorce prayed for does not relieve the court from the duty of inquiring into the case for the purpose of determining whether a ground for divorce in fact exists; and in the *Inskeep* case it is said, by way of argument, that if anything like collusion appears the court should not allow any weight to the failure of defendant to deny the misconduct charged. The *Blinn* case recognizes the duty of the court to refuse a divorce on the ground of collusion, but there is a reversal because the court dismissed the proceeding on that ground, and refused to receive further evidence in response to the showing that the proceeding was collusive. It is apparent that none of these cases support the contention of appellant that the decree, rendered on the petition not containing some averment required by the statute to be made, is without jurisdiction and subject to collateral attack.

We do not care now to re-examine the authorities cited from other states, for the reason that we think the abstract proposition is not involved in this case. The defendant in this proceeding filed the petition which is now assailed as having been defective. Before a decree of divorce was rendered, she asked an allowance of temporary alimony, which was granted. On an appeal to this court the allowance was affirmed. Whether or not a decree of divorce subsequently rendered on her petition would have been without jurisdiction is, we think, wholly immaterial.

The court did acquire jurisdiction to proceed in the case to the extent of determining whether plaintiff should be allowed temporary alimony for the purpose of its prosecution and for her support during such prosecution. The defendant in that case, appellant in this, resisted the allowance of such alimony, and subsequently appeared in court in proper manner to have the order modified. With reference to the allowance of alimony, therefore, the court was clearly acting within its jurisdiction, and the enforcement of its order in that respect can not be enjoined by way of a collateral attack. It is also to be noticed that this appellant appealed from a ruling on his application to modify the judgment appealed from, which application also included a prayer for an injunction restraining the order for temporary alimony, and that on this appeal he was unsuccessful. In view of this record, we see no ground for modifying the conclusion reached in the opinion in respect to the defect in the original petition for divorce.

Other points made in the petition for rehearing are sufficiently covered by the original opinion, and we are satisfied to reaffirm the conclusions there announced.

The petition for rehearing is therefore denied.