**Norma Grace CRAFT, Appellee,**

v.

**Clyde Everett CRAFT, Appellant.**

No. 2–56792.

Supreme Court of Iowa.

Feb. 19, 1975.

Robert J. Pattee, of Pattee & Pattee, Independence, for appellant.

Wallace B. Reed, of Reed, Merner, Sindlinger, Baker & Sabbath, Cedar Falls, for appellee.

Heard before MOORE, C. J., and RAWLINGS, UHLENHOPP, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

This appeal from a decree in a dissolution of marriage case challenges the sufficiency of evidence for dissolution, alimony and property division. We affirm.

Norma (petitioner) and Clyde (respondent) Craft were married October 9, 1930. With about $1000 in the bank at the beginning of the depression years they began married life as a farm couple. They worked hard and prospered greatly. At trial their accumulated assets amounted to approximately $442,000.

This material success resulted from the parties' joint efforts. Petitioner worked on the farm, reared the couple's two children, and briefly contributed earnings from outside jobs. The only inheritance by either party was less than $5000 which respondent received from his parents.

In 1941 or 1942 the couple bought a farm in Black Hawk County. A farm in Buchanan County was purchased in 1955 or 1956. An 80 acre farm was added in 1968.

In its decree the court dissolved the marriage of the parties and divided their property. Petitioner was awarded property worth $204,000 as follows: The farm in Black Hawk County subject to an existing mortgage, stock in a lending institution, a 1967 automobile, a small tractor and mower, woodworking tools, personal effects, household goods, stock in a golf and country club, all contractual interest in the sale of 80 acres, and cash in the amount of $33,033. Petitioner was also awarded periodic alimony to be explained in a later division.

Respondent was awarded all the couple's other assets which included the farm in Buchanan County subject to an existing mortgage, an automobile, pickup truck, farm machinery and miscellaneous equipment, hogs, grain and other feed, stock in co-operatives and in a loan association, two boats, a trailer and a life estate in the family cabin located upon the farm in Black Hawk County (the farm awarded petition-

er), household goods in the cabin, and personal effects.

I. Respondent's first assignment asserts a failure to comply with § 598.7 and § 598.8, The Code. Section 598.7 provides:

"The petition must be verified by the petitioner, and its allegations established by competent evidence."

Section 598.8 provides:

"Hearings for dissolution of marriage shall be held in open court upon the oral testimony of witnesses, or upon the depositions of such witnesses taken as in other equitable actions or taken by a commissioner appointed by the court. However, the court may in its discretion close the hearing. Hearings held for the purpose of determining child custody may be limited in attendance by the court."

Both parties appeared at trial and testified. Neither testified as to the grounds for dissolution. See § 598.17, The Code. However they did formally stipulate into the trial record "there has been a breakdown of the marriage so that the legitimate objects of marriage can no longer be accomplished and that there is no reasonable likelihood of preservation of the marriage." The stipulation is a nearly precise recitation of the factual showing required under the statute.

The only testimony offered as to the breakdown of marriage was offered by a neighbor who conceded she had seen little of the parties in the three years prior to trial. This witness testified she believed the marriage had broken down so that the legitimate objects of marriage could not be achieved and there was no likelihood of it being restored.

Notwithstanding his stipulation may have precipitated the oversight, respondent now claims there was a failure of proof of marriage breakdown. We disagree.

■ The provisions of §§ 598.7 and 598.8 are mandatory. The parties are not entitled to dissolution merely by stipulating for it. The rule is of ancient origin and has

obtained in Iowa from earliest times. In Lyster v. Lyster, 1 Iowa 130 (1855) we considered a divorce sought on a ground (authorized by the 1851 Code) that the parties "cannot live together in peace and happiness." We held:

" * * * The law requires that the *court* shall be satisfied; that it 'shall be made fully apparent to the *court*, that the parties cannot live together in peace and happiness,' and not that the *parties* shall be satisfied. It is not alone the immediate parties to this proceeding that are affected, but in most instances, the care and disposition of children and property; and, in all cases, the *proper moral order and peace of society* will and must arise. * * *." 1 Iowa at page 131. (Emphasis in original).

The principle and the reasons for it persist. The legitimate interests of the State in marriage termination were recently recognized in another context in Sosna v. Iowa, —— U.S. ——, 95 S.Ct. 553, 42 L.Ed.2d 532 (decided January 14, 1975). Respondent is right in arguing the requirements of §§ 598.7 and 598.8 cannot be obviated by stipulation.

■ We believe however such a stipulation is corroborative evidence and may be considered in connection with petitioner's showing. In the instant case petitioner's showing otherwise consisted only of· her neighbor's testimony. Respondent argues this was insufficient in the belief the petitioner should personally be required to testify.

■ We hold a petitioner may make the required showing of marriage breakdown required by §§ 598.7 and 598.8 by any ·competent evidence and need not personally testify. McKim v. McKim, 6 Cal.3d 673, 100 Cal.Rptr. 140, 493 P.2d 868, 874 (dissent). Petitioner's first assignment is without merit.

■ II. Respondent was ordered to pay $200 monthly alimony. Such payments were ordered to be continued until such

time as respondent applies for social security and files proof petitioner is receiving benefits as a divorced spouse. Upon such filing the amount of benefit shall be credited against the alimony. Respondent appeals this award on the claim it is punitive and improper.

Governing rules are well known and need not be repeated. Schantz v. Schantz, 163 N.W.2d 398, 405 (Iowa 1968); In re Marriage of Williams, 199 N.W.2d 339, 346 (Iowa 1972). Taking the premarital and postmarital criteria and according due weight to the trial court's findings we reach the same conclusion on our de novo review. Petitioner is 61 years old and in poor health. Her earning capacity is limited. Her contributions to family assets are considerable. Respondent is in excellent physical health and has good earning capacity as a successful livestock farmer. The farm awarded petitioner has recently returned about $6500 per year. There was nothing improper, unfair, or punitive in the alimony award. We find it to be in accordance with *Schantz* standard.

III. Respondent makes a similar argument in connection with the award to him of the life estate in the family cabin. He believes it was unfair and punitive for this award to be limited to a life interest. There is no merit in this contention.

The cabin is situated on the farm awarded petitioner. Permanent severance of the realty upon which the cabin is placed would permanently cloud the title to petitioner's farm. Ingress and egress would further cloud the title permanently.

The decree further accords respondent the right to remove the cabin at his own expense to a site of his own. Although respondent insists the cabin was purchased with his inheritance from his parents the record on this claim is unclear. It is clear the realty upon which the cabin was placed was not purchased with inherited money. The provision limiting respondent's interest in the cabin was proper except that we believe respondent's right to remove the cabin should be subject to additional specifications. The right to remove the cabin at

his own expense is subject also to the requirement petitioner's realty should not be damaged by the removal. The right to remove the cabin must be exercised within two years from the filing of this opinion. If the right is exercised all respondent's interest in the farm in Black Hawk County shall terminate. Upon such removal all petitioner's interest in the cabin shall terminate.

IV. Petitioner has applied for attorney's fees in connection with this appeal. Notwithstanding our affirmance of the trial court we do not believe respondent should be required to contribute toward petitioner's attorney's fees in connection with this appeal. We agree with respondent the property division and alimony award equip petitioner to pay her attorney. The application for attorney's fees on appeal is denied.

Costs on appeal are taxed to appellant.

Modified and affirmed.