BEDFORD V. SUDBURY, Appellee, v. NELLIE SUDBURY, Appellant.

**PLEADING:** Demurrer—Admissions—Facts Pleaded Control General Allegation. A demurrer does not admit an allegation of fraud *when the facts pleaded do not show a legal fraud.*

**DIVORCE:** Jurisdiction—Residence of Parties in Case of Mutual Separation. The general principle that the residence or domicile of a wife follows that of her husband, does not apply where there was a mutual agreement to separate and a compliance therewith for many years, the wife never having been within this state, where the husband actually resided. It follows that, in an action for divorce by the husband, service by publication was authorized. Sec. 3534, Par. 8, Code, 1897.

**NEW TRIAL:** Grounds—Perjury—Divorce. Perjury in the trial of the *issues* pending is not such fraud as authorizes the granting of a new trial. So held where plaintiff, in an action for divorce, falsely testified that the wife had wilfully deserted him, when the separation was by mutual agreement.

*Appeal from Polk District Court.*—WM. H. McHENRY, Judge.

SATURDAY, APRIL 7, 1917.

THIS is an action or petition for new trial, brought by the defendant, appellant, to set aside a decree of divorce granted against her, and that she be permitted to file her answer to plaintiff's original petition and to make defense in the divorce case, and for all other and proper relief in the premises, for the reason that she claims that said decree

is invalid because obtained by fraud. The plaintiff inter-
posed a demurrer to the defendant's petition, which was
sustained, and the defendant appeals.—*Affirmed.*

*Thompson & Sprague* and *Roberts & Webber,* for ap-
pellant.

*Miller & Wallingford,* for appellee.

PRESTON, J.—Although it is not entirely clear, we take
it that the petition of the defendant was filed in the orig-
inal divorce action. This makes it a little confusing, be-
cause the defendant in the original action is referred to as
the plaintiff in the petition to vacate the decree, and so
as to the other party. The defendant, Nellie Sudbury, is
the petitioner to vacate the decree, and is denominated the
defendant and appellant in the title of the abstract, so that,
to avoid confusion in referring to the parties, we shall refer
to the parties as plaintiff and defendant, as given in the
title.

The defendant's petition is quite lengthy, covering, with
exhibits attached, 21 pages of the abstract. It was filed
April 8, 1915. We shall set out the substance of it, and so
much as appears to be necessary to a determination of the
questions presented. She alleges:

That, on September 18, 1912, plaintiff filed his verified
petition for a divorce, and his affidavit that personal ser-
vice of notice could not be made upon defendant within the
state of Iowa; that said defendant was, according to his
best knowledge and belief, a nonresident of the state of
Iowa; that the plaintiff's petition for a divorce alleged that
plaintiff had been continuously a resident of the state of
Iowa since February, 1903, and continuously in Scott Coun-
ty until March 15, 1912; that, subsequent to the last named
date, he had continuously resided in the city of Des Moines
in said county, and that his said residence had been in good
faith and not for the purpose of obtaining a divorce only;

that plaintiff's petition alleged that the parties were married in Indiana in 1893, and that they continued to reside together as husband and wife until August, 1898; that, while the parties were living together in Indiana, and on August 16, 1898, defendant wilfully deserted plaintiff, and had absented herself without a reasonable cause ever since said date; that notice of the pendency of said action was made by publication in the city of Des Moines, in Polk County, Iowa. Copies of plaintiff's original petition, the affidavit for publication, the published notice, and the decree of divorce, are made a part of the defendant's petition. It is also alleged that the decree of divorce was granted November 6, 1912, and that, in the decree, it was found that plaintiff was entitled to a divorce from defendant on account of the wilful desertion of said plaintiff by defendant, as alleged in the petition. It is alleged that the decree is void because the court had no jurisdiction of the subject matter of that action and no jurisdiction of the person of defendant, because defendant never had at any time given her husband any ground for a divorce; that, on August 16, 1898, plaintiff and defendant mutually agreed in writing to separate and to live separate and apart; that the contract of separation was drawn by an attorney and signed by both plaintiff and defendant; that, by said agreement, the property was to be divided, and plaintiff was not to pay any money for the maintenance of defendant or their minor child; a copy of this agreement is also attached to the petition as an exhibit; that the contract of separation was made in duplicate, each party taking one copy; that, since said date, plaintiff and defendant have never lived together as husband and wife, and that the property was divided, and defendant has supported herself and child; that, after the separation, defendant moved to another city in Indiana, where she has ever since resided. It is further alleged that, up to the time of the death of the plaintiff's father, plain-

tiff was possessed of no considerable amount of property, but was receiving a salary of $2,500 per year; that, by the will of plaintiff's father, which was probated a few days before plaintiff's application for a divorce, plaintiff has come into possession of a large and valuable property, and that, by the death of an uncle, plaintiff was bequeathed a certain amount of money absolutely, and that plaintiff has an expectancy in the remainder; so that, as defendant charges upon information and belief, plaintiff has property and expectancy in a considerable sum. The date of the death of plaintiff's uncle is not given, but it is alleged that it was recently, and we take it that it was a considerable time after plaintiff commenced proceedings for divorce. Defendant charges, upon information and belief, that plaintiff moved to Indiana after the decree of divorce was granted; that the sole and only ground for a divorce in plaintiff's petition was that defendant had deserted plaintiff on the 16th day of August, 1898, the date of their agreement to separate; that, in verifying the petition and in giving testimony upon the trial as to the alleged desertion, plaintiff falsely, knowingly, wilfully and corruptly testified falsely; that defendant had no notice or knowledge of the intention of plaintiff to apply for a divorce or of the pendency of said suit, and was, until long after the pretended divorce, ignorant thereof and that a decree had been entered; that she has an absolute defense to the said divorce proceeding, for that she did not desert the plaintiff; that, had she had notice of the pendency of said suit, she would have defended; that plaintiff concealed from defendant the fact of the divorce; that she first heard of the decree in June, 1914, when she heard a rumor to that effect; that she sent to the clerk of the Polk district court, and received from him a copy of the petition, affidavit, publication and decree, about September 25, 1914; that she is a school-teacher, but her salary has been required to maintain herself and daughter

and her mother, and she did not sooner commence these pro-
ceedings to set aside the decree because she did not have the
means to do so.   It is alleged that the divorce proceed-
ings and plaintiff's concealment thereof were a fraud upon
defendant and the court; that defendant has suffered great
and irreparable harm, loss and damage, for which there
is no other plain, speedy and adequate remedy, and no
other way of redress except by equitable proceedings in this
court.   She prays that the default and decree against her
may be set aside, and that she be permitted to file answer
to the plaintiff's petition, to make proper defense, and for
all other and proper relief in the premises.   The demurrer
is as follows:

"Comes now the above named plaintiff, Bedford V. Sud-
bury, and demurs to the defendant's petition to set aside
the original decree entered herein on November 6, 1912, for
the following reasons, viz.: First, that the matters and
things therein pleaded do not entitle the defendant to the
relief demanded or to any equitable relief; second, that the
said petition shows on its face that the defendant's alleged
cause of action is barred by the statute of limitations con-
tained in Section 4092 of the Code of Iowa, 1897, for the
reason that the original decree was entered herein under
date of November 6, 1912, and the defendant's petition to
set aside same was not filed herein until April 8, 1915."

The defendant's petition is not a separate action to set
aside the decree, but is a petition for a new trial, although
equitable relief is asked.   The only ground alleged for di-
vorce in plaintiff's original petition was desertion.   It is
conceded by both sides that the two-year provisions of the
statute in regard to new trials where notice is given by
publication do not apply to divorce cases.   The assignments
of error are, substantially, that the court erred in sustain-
ing the demurrer, and holding that the petition did not en-
title appellant to the relief demanded, and because defend-

ant's petition does not show on its face that her alleged cause of action was barred by the statute of limitations.

1. Appellant contends that the demurrer admits the allegations of the petition for the purposes of the demurrer, and that the fraud alleged in the defendant's petition is admitted. But the facts are also stated in detail; and, if the facts do not constitute fraud such as contemplated in an action of this character, the demurrer would not admit that there was fraud. Only such allegations are admitted as are issuable, relevant, material and well pleaded. The demurrer does not admit the conclusions of law or fact of the pleader, except when they are supported by and necessarily result from the facts set forth in the petition. Neither inferences nor expressions of opinion nor the pleader's theories as to the effect of the facts are admitted. *Eckles v. Des Moines Casket Co.,* 152 Iowa 164; *Cowell v. City Water Supply Co.,* 130 Iowa 671.

2. Appellant contends that the court was without jurisdiction to grant the divorce because the defendant was not a nonresident of the state of Iowa, on the theory that the domicile or residence of her husband, the plaintiff, was her residence or domicile, and that, plaintiff having come to Iowa, the defendant's residence was in Iowa. It should have been stated, if it has not been, that the defendant was never actually in the state of Iowa. Appellant cites authorities to the effect that, if a wife is living separate and apart from her husband, without sufficient cause, his domicile is hers, and she cannot acquire a separate domicile, and that living apart is not desertion. Cases are also cited to the effect that there can be no desertion in a legal sense where the separation is by mutual consent; that the separation must be wilful, and against the consent of the party claiming to be deserted. We do not

*Marginal notes:*

1. PLEADING : demurrer : admissions : facts pleaded control general allegation.

2. DIVORCE : jurisdiction : residence of parties in case of mutual separation.

understand appellee to controvert these several proposi-
tions. It is contended by appellant that the domicile of the
husband is the domicile of the wife, even though the hus-
band and wife are living apart by express agreement, and
to support this proposition, appellant·cites 10 Am. & Eng.
Encyc. of Law (2d Ed.), page 33, note. There are cases so
holding; but they, or some of them at least, seem to have
been decided before changes in the law in regard to husband
and wife. Many cases are cited by both parties on the ques-
tion in regard to residence and domicile and the distinction
between the two in divorce cases. We shall cite only some
of these, without taking the time to discuss them. Appellee
cites authority that one may be a resident of one jurisdic-
tion, although having a domicile in another, and that the
general rule, as declared by the Iowa courts, that the dom-
icile of the husband is the domicile of the·wife, does not ap-
ply in proceedings for a divorce, citing *Sylvester v. Sylves-
ter,* 109 Iowa 401; *Kline v. Kline,* 57·Iowa 386; *Hirschl v.
Hirschl,* 161 Iowa 647; 9 R. C. L. 539, and numerous cases
there cited.

·Appellee contends that Section 3534 *et seq.,* Code, 1897,
authorizing service of notice by publication in divorce
actions where defendant is a nonresident, refer to actual
residence, and not domicile, citing *Lewis v. Lewis,* 138 Iowa
593, 595. We are inclined to this view. But that point
seems not to have been directly decided in the *Lewis* case.
The point there was that, where defendant is actually liv-
ing in another state, service by publication could not be de-
feated by the mere statement of an intention to return to a
residence in this state at some indefinite time, and the party
considered·herself a resident of another state. Paragraph
8 of Section 3534 provides for service on defendant if a non-.
resident of the state, or his residence is unknown, in actions
for divorce. However this may be, appellee contends that,
to the general rule that the husband's domicile determines

that of his wife, there are certain exceptions—among others, such as when the husband has given his wife a statutory cause for a divorce from him, or where there is a permanent separation by mutual agreement, or where divorce proceedings have been instituted; and that, in such excepted cases, the wife does acquire a separate domicile; and to support this proposition, cites 9 R. C. L. 545, and cases there cited; 14 Cyc. 818, 847; *Haddock v. Haddock*, 201 U. S. 562, 567; *Stevens v. Allen*, (La.) 71 So. 936. They also contend that, whenever there has been a mutual abandonment of the marriage relation, so that every purpose of the marriage is destroyed, the reason for the rule that the husband can fix the family domicile ceases, and the wife is at liberty to establish a separate domicile for all purposes, citing 9 R. C. L. 546, and many cases.

Without discussing these cases, it is enough to say that, under the circumstances of this case, where there was a mutual agreement to separate, and the agreement was carried out by the parties for 14 years, or from August, 1898, until September, 1912, and the defendant was never actually in the state of Iowa, and was a nonresident of the state of Iowa, and plaintiff was a resident of Iowa, and Section 3171 of the Code provided that the district court in the county where either party resides has jurisdiction, the court had jurisdiction to render the decree against defendant, and, in this respect, there was no fraud.

3. Code Sections 4091 and 4092 provide, among other things, that a final decree may be vacated or modified by the district court, on petition, after the term at which the decree was rendered, for fraud practiced in obtaining the same, provided that no such petition to vacate or modify shall be filed after one year from the rendition of the final decree. Appellant cites a number of cases holding that a decree of divorce procured by fraud may be set aside

*3. NEW TRIAL: grounds: perjury: divorce.*

as any other decree, and they cite, among other cases, *Whitcomb v. Whitcomb*, 46 Iowa 437; *Todhunter v. DeGraff*, 164 Iowa 567; and cases from other jurisdictions. They say that this may be done after the year provided in the statute, if the fraud is not discovered within the year. But this is where the fraud relied upon is extrinsic or collateral, as distinguished from intrinsic. So that, after all, in the instant case, the point is narrowed down to the one question as to the alleged false swearing or perjury of the plaintiff to the effect that defendant had wilfully deserted him, when there had been a mutual agreement between them to live apart. We think the case is ruled by the holding in *Graves v. Graves*, 132 Iowa 199. It was there held, substantially, that false swearing or perjury as to intrinsic matter, either through mistake of law or fact, or intentionally given upon the original case, is not such fraud as will authorize the granting of a new trial. In the instant case, the alleged perjury was not accompanied by any fraud extrinsic or collateral to the matter involved in the original case; that is, the appellant has not pleaded facts sufficient to establish extrinsic or collateral fraud. Appellee cites on this point, *Kelly v. Cummens*, 143 Iowa 148, 152; *Tucker v. Stewart*, 121 Iowa 714, 716; *Bradbury v. Wells*, 138 Iowa 673, 677; *Pico v. Cohn*, 91 Cal. 129 (13 L. R. A. 336) ; *United States v. Throckmorton*, 98 U. S. 61, 63. We should, perhaps, refer to the case of *Williamson v. Williamson*, 179 Iowa 489, not cited because decided after the submission of this case. But in that case, neither of the parties was a resident of the county where the suit was brought, and it was held that it was essential that one of them should be, in order to confer jurisdiction.

It is our conclusion that the trial court rightly decided the matter, and the judgment and order appealed from are —*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.