E. D. HEWITT, Appellant, v. A. M. BLAISE et al., Appellees.

NEW TRIAL: Grounds—Perjury. *Perjury as to any intrinsic matter in an action is not a ground for a new trial.* (See Book of Anno., · Vol. 1, Sec. 11550, Anno. 126 *et seq.*) ·

Headnote 1: 34 C. J. p. 284; 29 Cyc. p. 868.

Headnote 1: 51 L. R. A. (N.S.) 286; 33 A. L. R. 553; 20 R. C. L. 299.

*Appeal from Keokuk District Court.*—H. F. WAGNER, Judge.

DECEMBER 16, 1926.

Action based upon Section 12787 of the Code of 1924, to vacate a judgment and decree entered at a preceding term of the district court of Keokuk County in the above entitled cause. Judgment dismissing plaintiff's petition, and judgment against him for costs, and he appeals.—*Affirmed.*

*Thomas J. Bray,* for appellant.

*F. M. Beatty, Talley & Talley,* and *Willcockson & Willcockson,* for appellees.

STEVENS, J.—This is an action to vacate a judgment and

for a new trial, and is based upon Subdivision 2 of Section 12787 of the Code of 1924, which is as follows:

"For fraud practiced in obtaining the same."

The original judgment was entered in the district court of Keokuk County; at the February, 1925, term thereof, and this action was commenced within one year thereafter. For full statement of the facts and issues involved in the original action, which was to subject certain real estate incumbered by a $10,000 mortgage to the payment of a judgment in favor of appellant, see opinion therein filed at the present term of this court.

Appellees A. M. Blaise and Dena Keck testified, upon the trial of the original action, that $3,100 of the consideration of the $10,000 mortgage executed by Dena Keck on February 19, 1924, upon a 200-acre tract of land in Keokuk County to A. M. Blaise, represented a loan of that amount by the latter to the former, and did not represent a part of the consideration of the $10,000 mortgage. Appellant now alleges that this testimony was false and perjured, and that the said $3,100 check was in fact executed by Blaise in payment of a loan which he was then owing Dena Keck, and which was secured by a mortgage upon real estate duly recorded in Keokuk County. Appellant also alleged that he did not know of or discover the falsity of the testimony of the said Keck and Blaise until April 14, 1925, and that he could not by due diligence have discovered the same at an earlier date.

Evidence tending to sustain the allegations of the petition and to prove the falsity of appellees' testimony was introduced upon the trial. The court below held that the matters set up in the petition and established by the proof do not constitute such fraud, within the meaning of Subdivision 2 of Section 12787, Code of 1924, as entitled appellant to have the judgment and decree vacated and a new trial granted. The rule is practically universal that perjury or false testimony as to any intrinsic matter does not afford a ground for the vacation of a judgment or the granting of a new trial. The question has been repeatedly before this court, and such has been the uniform holding. To constitute fraud, within the meaning of the statute, the false testimony must relate to some matter collaterally affecting, or extrinsic to, the merits of the case. *Aschan v. McDermott,*

164 Iowa 750; *Kwentsky v. Sirovy,* 142 Iowa 385; *Sudbury v. Sudbury,* 179 Iowa 1039; *Williamson v. Williamson,* 179 Iowa 489; *Croghan v. Umplebaugh,* 179 Iowa 1187; *Bradbury v. Wells,* 138 Iowa 673; *Sullivan v. Herrick,* 161 Iowa 148; *Graves v. Graves,* 132 Iowa 199. See, also, 3 Freeman on Judgments (5th Ed.), Section 1245 *et seq.*

Appellant contends, however, that the facts of this case bring it within the rule as modified and stated in *Graves v. Graves,* supra. It was claimed in that case that the defendant by committing perjury concealed property, and prevented a decree awarding proper alimony to his wife. This evidence was held to relate to extrinsic matters, and for that reason, it was held, a fraud was perpetrated upon the court. The case goes no further than to recognize the practically universal rule, and to hold, under the facts of that case, that the showing made was sufficient. The reasons for the rule have been so often fully and clearly stated by this court that they need not be repeated. The perjury, if any was committed in the present case, related to purely intrinsic matters, as to which the judgment is final unless reversed on appeal. The decree is affirmed.—*Affirmed.*

FAVILLE, VERMILION, and ALBERT, JJ., concur.