# IN THE COURT OF APPEALS OF IOWA

No. 16-1324
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES ROBISON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, James C. Bauch (motion to dismiss), Judge, and Joseph M. Moothart (trial), District Associate Judge.

        The defendant appeals from the district court's denial of his motion to dismiss. **AFFIRMED.**

        John Bishop, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

James Robison appeals from the district court's denial of his motion to dismiss. His appeal stems from two separate driving incidents. In October 2015, Robison was stopped by a police officer for not wearing his seatbelt (AGCR208508). In January 2016, Robison was stopped after an officer noticed he had an expired registration (AGCR210909). On both dates, Robison's license was suspended due to non-payment of fines and was barred as an habitual offender. As a result of the two stops, he was charged with two counts of driving while barred.

Robison incurred a number of charges of driving while barred in 2015, and he filed a motion to dismiss each of the charges. A hearing was held on the matter; Robison claimed each of the charges should be dismissed because they stemmed from his non-payment of fines and fees assessed as a result of an involuntary commitment in 2008, which Robison contended was invalid. Robison also listed a number of other cases in which he believed he had been treated unfairly.

In December, the district court filed a written ruling, denying Robison's motion to dismiss. The court concluded Robison's claims about the "previous fines, surcharges, and fees have been fully litigated in the past." Additionally, the court stated, "The record does not reflect an inability to obtain a fair trial in Black Hawk County, nor does it appear that the court is prejudiced against the defendant."

Robison waived his right to a jury trial and agreed to be tried on the minutes. At the trial, on February 12, 2016, the court indicated it would be

incorporating into AGCR210909 the arguments from the motion to dismiss and the ruling on the motion, and the State indicated it had no objection. The court reiterated this again in its written ruling on the underlying charges, stating:

> The defendant moved for dismissal and incorporated by reference the record on the motion to dismiss made in Cases Nos. AGCR205163, AGCR206881 and AGCR208508. The defendant was allowed to incorporate the entire record on the motion to dismiss in said cases and apply that record to his motion to dismiss in the above-titled case. The Court adopts and incorporates by reference the order filed December 16, 2015, in said cases overruling the defendant's motion to dismiss. The defendant's motion to dismiss is overruled.

The court found Robison guilty of both counts of driving while barred. Robison was sentenced to a term of incarceration not to exceed two years; the sentence was suspended, and he was placed on supervised probation.

Robison appeals, claiming the district court erred when it denied his motion to dismiss. "We review a motion to dismiss a charge alleged in a trial information for the correction of errors at law." *State v. Wells*, 629 N.W.2d 346, 351 (Iowa 2001).

Here, the State maintains Robison does not have a claim regarding his January 2016 driving-while-barred charge. Robison filed his motion to dismiss in September 2015. A hearing was held on the matter on October 12, and the district court filed its ruling denying Robison's motion in December 2015—all before Robison incurred the new charge. Additionally, Robison never filed a written motion to dismiss in AGCR210909. However, the district court understood Robison to be making an oral motion to dismiss the charge in AGCR210909 at the trial on the minutes, and the court ruled accordingly. This is sufficient to preserve Robison's claim for our review. *See Meier v. Senecaut*,

641 N.W.2d 532, 537 (Iowa 2002) (stating the way to preserve an issue for review is to both raise it at the district court and have the district court decide it).

As he did at the district court, Robison collaterally attacks prior convictions and a prior involuntary commitment, claiming the past cases were unjustly decided against him, and that these unjust decisions resulted in fines and costs which were impossible for him to pay, which then caused his driving privileges to be barred and suspended. In other words, Robison asks us to find his previous convictions were invalid, retroactively void the fines, and create a legal fiction that he was licensed to drive at the time he was stopped for speeding.

"[I]f the court had jurisdiction of both the person and the subject matter, the judgment is conclusive against collateral attack, even if it be erroneous." *Edgerly v. Sherman*, 107 N.W.2d 72, 76 (Iowa 1961). Here, Robison's complaint is that his 2008 involuntary commitment was invalid because the court did not follow the procedure outlined in chapter 229 of the Iowa Code. He does not claim the district court that involuntarily committed him lacked either personal or subject matter jurisdiction. Thus, even if the prior proceedings were completed in error, Robison may not now collaterally attack those proceedings. *See Sanford v. Manternach*, 601 N.W.2d 360, 364 (Iowa 1999) ("[M]ere error in a judgment is not reviewable in a collateral proceeding.").

The district court did not err in denying Robison's motion to dismiss. We affirm.

**AFFIRMED.**