# IN THE COURT OF APPEALS OF IOWA

No. 16-1263
Filed September 13, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES ROBISON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, James C. Bauch, Judge.

The defendant appeals from the district court's denial of his motion to dismiss. **AFFIRMED.**

John Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

On June 17, 2015, Robison's vehicle was stopped by a police officer for driving forty miles per hour in a zone with a maximum legal speed of thirty miles per hour. At the time, Robison's license was suspended due to non-payment of fines and was barred as an habitual offender. Although he had a temporary restricted license, Robison admitted he was not traveling within the restrictions of that license. As a result, Robison was charged with driving while barred and cited for driving while suspended.

Robison filed a motion to dismiss the charges, and the matter was set for hearing.

At the hearing, Robison claimed the charges should be dismissed because they stemmed from his non-payment of fines and fees incurred as a result of an involuntary commitment in 2008, which Robison contended was invalid. Robison also listed a number of other cases in which he believed he had been treated unfairly.

The district court filed a written ruling, denying Robison's motion to dismiss. The court concluded Robison's claims about the "previous fines, surcharges, and fees have been fully litigated in the past." Additionally, the court stated, "The record does not reflect an inability to obtain a fair trial in Black Hawk County, nor does it appear that the court is prejudiced against the defendant."

Robison waived his right to a jury trial, and he was found guilty of driving while barred and driving while suspended following a trial on the minutes. The court sentenced him to a term of incarceration not to exceed two years; the sentence was suspended, and Robison was placed on supervised probation.

Robison appeals, claiming the district court erred when it denied his motion to dismiss. "We review a motion to dismiss a charge alleged in a trial information for the correction of errors at law." *State v. Wells*, 629 N.W.2d 346, 351 (Iowa 2001).

As he did at the district court, Robison collaterally attacks prior convictions and a prior involuntary commitment, claiming the past cases were unjustly decided against him, and that these unjust decisions resulted in fines and costs which were impossible for him to pay, which then caused his driving privileges to be barred and suspended. In other words, Robison asks us to find his previous convictions were invalid, retroactively void the fines, and create a legal fiction that he was licensed to drive at the time he was stopped for speeding.

"[I]f the court had jurisdiction of both the person and the subject matter, the judgment is conclusive against collateral attack, even if it be erroneous." *Edgerly v. Sherman*, 107 N.W.2d 72, 76 (Iowa 1961). Here, Robison's complaint is that his 2008 involuntary commitment was invalid because the court did not follow the procedure outlined in chapter 229 of the Iowa Code. He does not claim the district court that involuntarily committed him lacked either personal or subject matter jurisdiction. Thus, even if the prior proceedings were completed in error, Robison may not now collaterally attack those proceedings. *See Sanford v. Manternach*, 601 N.W.2d 360, 364 (Iowa 1999) ("[M]ere error in a judgment is not reviewable in a collateral proceeding.").

The district court did not err in denying Robison's motion to dismiss. We affirm.

**AFFIRMED.**